## 34801. TUCKER v. THE STATE.

MARSHALL, Justice.

This is a rape case which comes to this court by reason of the appellant's attack on the constitutionality of the 1978 amendment to Code Ann. § 26-2001 (Ga. L. 1978, p. 3) which eliminates the requirement that "No conviction shall be had for rape on the unsupported testimony of the female."

1. The appellant argues that the elimination of this requirement unconstitutionally shifts the burden of proof on the question of guilt-innocence to the accused male. In other words, the appellant argues that once the victim in a rape case makes the charge, the burden is then cast on the accused to disprove it.

While this argument is not without semantic appeal, it must be rejected. Simply because the legislature has determined that the uncorroborated testimony of the victim is sufficient evidence to support a rape conviction, this does not alter the fact that the burden of proving the commission of the crime beyond a reasonable doubt rests on the state. Under our system of jury trials, the burden of proof is cast on one party or the other through the court's instructions to the jury. In this case, the trial court instructed the jury that the burden was on the state to prove every material allegation in the bill of indictment against the defendant beyond all reasonable doubt. We hold that the statute is not unconstitutional for the reason alleged.

2. The appellant has two other arguments. First, he argues that the evidence is insufficient to support the verdict. We disagree. There was the testimony of the victim, and her testimony was in fact corroborated by testimony of other witnesses that the victim, who was upset and crying at the time, had made an immediate outcry. The victim's testimony was also corroborated by medical testimony that the victim had recently engaged in sexual intercourse. The appellant admitted the act of sexual intercourse, but he alleged consent. The jury determined this question adversely to the appellant. There is evidence to support the jury's verdict of guilty, and it must therefore be affirmed. E.g., *Ridley v. State*, 236

Ga. 147 (223 SE2d 131) (1976).

3. The appellant's final argument is that the victim's outcry was not "immediate" and, therefore, evidence of it should not have been admitted under Code § 38-305 as part of the res gestae. We disagree. The victim began looking for one of the witnesses to whom the outcry was made immediately after she was released by the appellant. The outcry was communicated to the witnesses immediately after the victim located them, which was within one hour after the rape occurred. In our opinion, these declarations were made so shortly after the commission of the crime as to constitute part of the res gestae. See *Lynch v. State,* 234 Ga. 446 (216 SE2d 307) (1975); *Overton v. State,* 230 Ga. 830 (5) (199 SE2d 205) (1973). The fact that the outcry was not made to the first person the victim saw after the rape does not render it inadmissible. See *Overton v. State,* supra.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

SUBMITTED APRIL 13, 1979 — DECIDED MAY 30, 1979.

*Pierce & House, Hinton R. Pierce,* for appellant.
*Richard E. Allen, District Attorney, Patricia Warren, Assistant District Attorney,* for appellee.

