## A90A0711. LANGSTON v. THE STATE.
(395 SE2d 74)

CARLEY, Chief Judge.

Appellant was charged with four counts of armed robbery in one indictment, murder and armed robbery in a second indictment, and armed robbery in a third indictment. After all of his alleged accomplices entered pleas, appellant was tried before a jury on all three indictments. He was found guilty of only two of the armed robbery counts. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The trial court's denial of appellant's motion to sever the offenses charged in the first indictment is enumerated as error.

The record contains evidence that one of appellant's accomplices participated with him in every armed robbery charged. The armed robberies all occurred within a 15-day period and all involved similar weapons, disguises and methods of operation. The major difference was that one of the armed robberies resulted in murder.

It is clear that the armed robberies charged in the first indictment "were sufficiently similar so that the evidence as to [any] one would be relevant and admissible evidence as to the other[s]. ' "(W)here . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying (appellant's) motion for severance." ' [Cit.] Since appellant was acquitted on [three] of the [armed robbery] counts, it is clear that the jury was ' "able to distinguish the evidence and apply the law intelligently as to each offense." (Cit.)' [Cit.] The trial court did not err in denying the motion to sever." *Herring v. State*, 191 Ga. App. 798-799 (1) (383 SE2d 178) (1989).

2. Appellant also enumerates as error the trial court's sua sponte consolidation, over objection, of the three indictments for single trial.

A consolidation of separate indictments on the trial court's own motion is permissible. *Little v. State*, 165 Ga. App. 389, 390 (2) (300 SE2d 540) (1983). " 'The underlying consideration regarding the issue of a joint trial on two or more indictments is whether undue or great risk of prejudice from a joint disposition of charges would result. [Cit.] Where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the discretion of the trial judge. [Cit.]' [Cit.] . . . [Under the State's evidence in the instant case, the robberies and the murder] constitute a single scheme or plan and may thus be joined in a single prosecution. [Cit.]" *Little v. State*, supra at 390-91 (2). Moreover, because appellant was acquitted on both counts of the second indictment and on three of four counts of the first indictment, "it is [again] clear that the jury was ' "able to distinguish the evidence and apply the law intelligently as to each offense." (Cit.)' [Cit.]" *Herring v. State*, supra at 799 (1). The trial court did not abuse its discretion in ordering on its own motion, over appellant's objection, the consolidation of the separate indictments for a single trial. See *Little v. State*, supra at 391 (2).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 8, 1990.

*Hasty & Wingo, Lee R. Hasty, E. Earl Seals*, for appellant.
*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.

