A91A1374. WILLIAMS v. THE STATE.
(413 SE2d 256)

POPE, Judge.

Defendant Virgil Lee Williams consented to a bench trial and

---

was convicted of robbery and aggravated assault. A previous trial of the case had ended in mistrial because the victim, a stroke victim in his sixties, was unable to complete his testimony or to submit to cross-examination as a result of his deteriorated health. On retrial, the victim was not called as a witness due to his physical inability to testify. Instead, the State submitted the testimony of one who was the victim's neighbor at the time the offenses were committed. She testified that at approximately 2:30 or 3:00 p.m. on the day in question the victim came to her house. His face was bloody and he had a cut on his head. When she asked him what happened he replied that the boy who had driven him to Lake City hit him and robbed him. Though the witness did not know the name of the person, she knew who had driven the victim to visit his brother in Lake City, Florida, and she identified that person as the defendant. The trial court ruled that the hearsay testimony of the victim's neighbor was not part of the res gestae of the crimes and excluded the testimony from evidence.

The conviction was thus based only on the remaining evidence which included a written statement voluntarily made by the defendant after he had made a written waiver of his constitutional rights in which he admitted the following: He had driven the victim on several errands and the victim owed him money for these services. The victim told defendant to come to his apartment at 2:30. Defendant arrived at the victim's apartment about 2:00 and the victim let him in. When defendant asked the victim if he had the money, the victim pointed his walking stick at defendant and told him he would be paid on the third. (The trial judge took judicial notice that Social Security benefit checks are typically received on the third day of the month.) Defendant admitted he pushed the victim "into his table and then he gave me my money . . . ." The evidence also showed the victim's wallet, with no money in it, was found in the neighborhood and turned in to the police.

Defendant argues the hearsay testimony of the victim's neighbor was properly excluded and the remaining evidence was insufficient to support his conviction. We agree that the defendant's statement, along with the found wallet, is insufficient to support the conviction. Although the defendant admits he struck the victim, the facts he admitted are insufficient to prove aggravated assault or robbery. The acts admitted by defendant do not establish assault with an offensive weapon or assault with intent to rob. See OCGA § 16-5-21 (a). According to defendant's statement, he was owed the money that the victim "gave" him after he was pushed. No evidence was submitted to connect the found wallet with the defendant.

We disagree, however, that the hearsay testimony was properly excluded. The facts of this case are similar to those in *Tucker v.*

*State*, 243 Ga. 683 (3) (256 SE2d ·365) (1979), in which the Supreme Court held that an outcry made by a rape victim to one she immediately sought out within one hour from the commission of the crime was sufficiently contemporaneous to be a part of the res gestae and was therefore admissible. Here, the facts show the victim was an older man in ill health who lived alone and who, within minutes after the acts admitted by the defendant, sought the help of his neighbor. His declarations about his condition and what had happened to him were admissible as an exception to the hearsay rule and the trial court erred in excluding them from evidence.

Neither was the hearsay testimony inadmissible because the defendant was denied the right to confront the witness. The Confrontation Clause does not require the exclusion of hearsay testimony if it is shown that the declarant is unavailable to testify and that the out-of-court statement bears adequate "indicia of reliability." *Ohio v. Roberts*, 448 U. S. 56, 66 (100 SC 2531, 65 LE2d 597) (1980). "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least without a showing of particularized guarantees of trustworthiness." Id. Here, the victim's unavailability to testify was well-established by his physical inability to testify at the first trial of the case. The out-of-court declaration was a part of the res gestae and therefore was a well-recognized exception to the hearsay rule. The trustworthiness of the statement is guaranteed by the fact that it was, in effect, an immediate outcry of the victim to a neighbor for help. Thus, the error in this case is merely "trial error" which does not bar retrial, and is not a determination that the State failed to make its case against the defendant. See *Daniels v. State*, 165 Ga. App. 397 (1) (299 SE2d 746) (1983). "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt *or rejection* of evidence, incorrect instructions or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." (Emphasis supplied and punctuation omitted.) *Hall v. State*, 244 Ga. 86, 94 (5) (259 SE2d 41) (1979) (quoting *Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978)).

*Judgment reversed. Birdsong, P. J., concurs. Cooper, J., concurs in judgment only.*

DECIDED NOVEMBER 26, 1991.

*Andrews & Seery, Stephen H. Andrews,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.