## A96A0847. ORTIZ v. THE STATE.
### (474 SE2d 300)

Judge Harold R. Banke.

Miguel Ortiz was convicted of rape, aggravated sodomy, incest, and battery against the victim, his 15-year-old niece. Ortiz enumerates six errors.

The victim lived with Ortiz, his wife and three children, two of Ortiz's brothers and her mother. As she accompanied Ortiz on some errands, Ortiz detoured, turned off on a rural road and stopped. While on this isolated dirt road, Ortiz beat, raped, and sodomized his young niece. Shortly afterwards, Ortiz and the victim were involved in a single car accident in which their vehicle flipped over. The victim immediately ran from the car and sought assistance from the occupants of another vehicle, telling Trina Edwards and Ebony Reid that her uncle had just tried to rape her. The victim's eye was swollen, she was not wearing any shoes, her clothing was unbuttoned, and she was crying and scared. She told Reid that her uncle had raped her, then she claimed he did not rape her, and then said he kind of raped her. The victim was driven to a nearby house where medical and law enforcement personnel were summoned. The victim told Mattie Jo Duke, the responding EMT, that her uncle had raped her. After her arrival at the hospital, medical personnel prepared a rape kit. The victim also told Investigator Lanny Dean that her uncle had raped her. Because the trial court determined that the victim was unavailable to testify during the trial, her testimony from the committal hearing was admitted into evidence. *Held*:

1. We reject Ortiz's complaint that the trial court abused its discretion by denying his motion for new trial. Ortiz contends that a post-trial affidavit provided by the victim constitutes new exculpatory evidence negating an essential element of his rape conviction because the victim's affidavit states that there was no vaginal penetration.

In order to be granted a new trial based on newly discovered evidence, a defendant must show, among other things, that the evidence is so material that it would probably produce a different verdict, that it is not cumulative only, and that it will have an effect other than to impeach a witness. *Humphrey v. State*, 207 Ga. App. 472, 474 (1) (428 SE2d 362) (1993). See *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980). Ortiz contends that his niece's post-trial affidavit stating that no vaginal penetration occurred provides sufficient grounds to mandate a new trial because her committal testimony was equivocal. We disagree.

The penetration of the female sexual organ by the male sexual organ, which is necessary to constitute rape, need be only slight and may be proved by indirect or circumstantial evidence. *Payne v. State*,

231 Ga. 755 (1) (204 SE2d 128) (1974); *Jackson v. State*, 157 Ga. App. 604 (1) (278 SE2d 5) (1981).

The physical examination at the emergency room disclosed blood, swelling, and small labial tears, evidence of trauma. The crime lab found spermatozoa in swabs taken from three to four inches inside the victim's vagina. At the committal hearing, the victim described feeling some vaginal penetration. Several witnesses testified that the victim told them that her uncle had raped her. This was sufficient evidence to prove penetration. See *Jackson*, 157 Ga. App. 604 (1). In light of this evidence, Ortiz failed to satisfy his burden of showing that the new evidence was so material as to indicate the probability of a different verdict. *Timberlake*, 246 Ga. at 494 (3).

2. The trial court did not err in admitting the committal hearing testimony of the victim who was in Puerto Rico at the time of the trial. Former testimony can be admitted under OCGA § 24-3-10 without violating the confrontation clause. *Littles v. Balkcom*, 245 Ga. 285, 287 (3) (264 SE2d 219) (1980). It must be shown that the witness is inaccessible, the parties and issues are substantially the same, and the party against whom the former testimony is offered was afforded the opportunity to cross-examine fully the witness concerning the matter now in issue at the second trial. *Prater v. State*, 148 Ga. App. 831, 836 (5) (253 SE2d 223) (1979). Here, the parties and issues were substantially the same, and the witness was cross-examined by Ortiz at the committal hearing.

Also, before former testimony can be admitted, the party offering it must show that the witness is inaccessible within the meaning of OCGA § 24-3-10 and that it has exercised due diligence in attempting to secure the witness's presence. *LaCount v. State*, 237 Ga. 181 (227 SE2d 31) (1976). The determination as to the inaccessibility of a witness is within the sound discretion of the trial court and will not be disturbed unless a manifest abuse of discretion is shown. *Thomas v. State*, 192 Ga. App. 744 (1) (386 SE2d 402) (1989).

To prove the victim's inaccessibility and its own diligence, the State showed that it had served the victim with a subpoena twelve days before trial and then unsuccessfully attempted to contact her on two additional occasions. On the morning of trial, Investigator Dean confirmed with her that she was staying in Puerto Rico and had no definite date to return. Under these facts, the trial court properly admitted her former testimony.

3. The trial court did not err in refusing to grant a continuance. Four days before trial, Ortiz informed the court that he wished to proceed with his trial despite his counsel's motion for a continuance and advice to the contrary. After the trial commenced, when it became apparent that the victim would not be in attendance, the record does not show that Ortiz renewed his motion for a continu-

ance. Accordingly, this issue was not preserved for appellate review. *Dupree v. State*, 206 Ga. App. 4 (1) (a) (424 SE2d 316) (1992).

4. The trial court did not abuse its discretion in refusing to grant a mistrial based on the State's closing argument.[1] Ortiz objected to the prosecutor's comments about the State's inability to contact the victim despite repeated efforts, her availability to defense counsel, her absence from the trial, and the likely reasons for her absence. Ortiz contends that the prosecutor's insinuation that Ortiz's family had put the victim on a plane to Puerto Rico was improper, inflammatory, and highly prejudicial.[2] It is permissible for a prosecutor to comment upon a defendant's failure to produce a witness. *Bell v. State*, 180 Ga. App. 170 (2) (348 SE2d 712) (1986). Counsel may argue inferences from evidence or the lack thereof regardless of whether the inferences are logical or reasonable. *Cooper v. State*, 178 Ga. App. 709, 712 (3) (345 SE2d 606) (1986). Remarks not likely to prejudice a defendant's right to a fair trial do not create reversible error. *Davis v. State*, 178 Ga. App. 357, 360 (3) (343 SE2d 140) (1986). See OCGA § 17-8-75. We find no error here.

5. The trial court correctly denied Ortiz's ineffective assistance of counsel claim. Utilizing the affidavits of three relatives, Ortiz blames his trial attorney for the victim's absence at trial contending that his defense counsel instructed the relatives to get the victim out of the country during the time of the trial. However, the motion testimony from Antonio Ortiz and Miguel Ortiz, Sr. deviates from their affidavit testimony with Antonio Ortiz conceding that the discussion with defense counsel about the victim's absence occurred after the trial, not before it, and Ortiz's father admitting that it was the victim's aunt in Puerto Rico who had the idea of her traveling to Puerto Rico. Defense counsel testified that he absolutely did not encourage the relatives to ensure the victim's nonattendance.

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Ortiz must show not only that his counsel's performance was deficient but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). In light of the overwhelming evidence of guilt, and the inconsistent testimony purporting to explain the victim's absence and who was responsible for it, Ortiz failed to make the requisite showing of prejudice to his defense, even assuming counsel's perfor-

---

[1] Closing arguments were not transcribed.

[2] Three relatives of Ortiz testified in their affidavits that defense counsel advised them to get the victim out of the country for the trial's duration.

mance was somehow deficient. Id. The trial court's finding that Ortiz was not denied effective assistance of counsel was not clearly erroneous and must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (397 SE2d 484) (1990).

6. The trial court properly admitted the testimony of Reid, Edwards, and Duke. A victim's declarations, made shortly after the commission of the crime and as a natural consequence thereof, are admissible in evidence as part of the res gestae. *Horn v. State*, 140 Ga. App. 592, 596 (7) (231 SE2d 414) (1976); OCGA § 24-3-3. The victim's statements to Reid and Edwards, both occupants of the vehicle which stopped to render assistance after the car flipped, were very close in time to the commission of the crimes. *Tucker v. State*, 243 Ga. 683, 684 (3) (256 SE2d 365) (1979). This was the victim's first opportunity to report what had happened to her. Similarly, the victim's declarations to Duke came within less than an hour and were also admissible as part of the res gestae. See id.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 7, 1996.

*Fred R. Kopp*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.