## A98A0257. JENKINS v. THE STATE.
### (501 SE2d 891)

Judge Harold R. Banke.

Anthony Jenkins was convicted of robbery by force. He enumerates three errors on appeal.

This case arose in the early morning when Jenkins ran into his 88-year-old great-grandmother's bedroom screaming, "Mama, I'm on drugs and I need some money." Then he beat her, stole her purse, and fled. Later, a visiting nurse discovered the victim, and emergency medical technicians ("EMTs") were called to the scene. The EMTs found the victim lying face down on her living room floor, bleeding from the mouth, with several loose teeth. The victim stated she had been struck by a fist. Upon arriving at the hospital, the victim told a doctor that she had been beaten up by her grandson. She had multiple contusions and abrasions on her face, neck and upper left chest and complained of pain on her face, neck, shoulders, and knees.

After the arresting officer was summoned to the hospital, the victim informed him that her grandson, Anthony Jenkins, beat her and stole her purse. Jenkins was apprehended the same day, after he tried to visit the victim in the hospital. *Held*:

1. The trial court did not err in refusing to suppress a confession Jenkins made to the arresting officer 20 days after counsel had been appointed. "[O]nce an accused in custody invokes his right to counsel, he should not be interrogated further without counsel present, 'unless the accused himself initiates further communication, exchanges or conversations with the police.' [Cit.]" *Bright v. State*, 265 Ga. 265, 280 (5) (c) (455 SE2d 37) (1995). But even after a defendant has unequivocally invoked his right to counsel, he may be interrogated further if he initiates the discussion and knowingly and intelligently waives his *Miranda* rights. Id.

The evidence of the exchange between Jenkins and the officer is disputed. At the *Jackson v. Denno* hearing, the officer testified that while Jenkins was in the exercise yard at the jail, he called to the officer and asked to talk to him. *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). The officer stated that he took Jenkins to the jail office and after he was *Mirandized*, Jenkins waived his right to an attorney and gave a written confession.

Jenkins admitted that he had talked to the officer at the fence but denied indicating that he wanted to confess. Jenkins testified that the officer called him downstairs, showed him pictures of the victim's injuries, and asked if he wanted to talk about it. Jenkins denied that he had been *Mirandized*, but admitted he was literate and had signed the waiver of his *Miranda* warnings written on the form on which he wrote the confession. *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). He denied, however, reading

those warnings.

Findings of fact made after a *Jackson v. Denno* hearing will not be disturbed unless they are clearly erroneous. *Dixon v. State*, 267 Ga. 136, 139 (3) (475 SE2d 633) (1996). We cannot say the trial court clearly erred in concluding that Jenkins initiated the contact and knowingly and intelligently waived his right to counsel.

2. Jenkins contends that his confession was the only admissible evidence of his guilt and that, absent corroboration, it was insufficient to support his conviction. Notwithstanding the fact that the victim unequivocally refused to testify against Jenkins, the record contains sufficient res gestae evidence of guilt to corroborate Jenkins' confession and support his conviction. OCGA § 24-3-3; *Carswell v. State*, 268 Ga. 531, 532 (1) (491 SE2d 343) (1997) ("any corroboration" of a valid confession will sustain a conviction). We believe the victim's statements to the arresting officer and the emergency room physician identifying her assailant were so closely connected to the offense as to be inherently reliable, particularly in light of her refusal to testify once she realized the penal consequences to her great-grandson. *Morris v. State*, 228 Ga. App. 90, 92 (2) (491 SE2d 190) (1997); see *Barksdale v. State*, 265 Ga. 9, 13 (2) (b) (453 SE2d 2) (1995) (witness who refused to testify was "unavailable"). The record shows that these statements " 'were made without premeditation or artifice, and without a view to the consequences.' " *Wilbourne v. State*, 214 Ga. App. 371, 372 (1) (448 SE2d 37) (1994); *Williams v. State*, 202 Ga. App. 82, 83-84 (413 SE2d 256) (1991) (physical precedent only).

3. We must reject Jenkins' argument that the victim's refusal to testify abridged his right to confrontation. The Sixth Amendment guarantees the accused's right "to be confronted with the witnesses against him." (Punctuation omitted.) *Livingston v. State*, 268 Ga. 205, 210 (2) (486 SE2d 845) (1997). The fact is the victim unequivocally refused to testify against him. Because the res gestae testimony of witnesses who interacted with her shortly after the robbery "meets the requirements of a firmly-rooted exception to the hearsay rule," it did not violate Jenkins' confrontation rights. Id. In any event, Jenkins failed to demonstrate how he was harmed by the victim's refusal to testify. *Wilson v. State*, 227 Ga. App. 59, 62 (2) (488 SE2d 121) (1997). The circumstances of this case indicate that the victim's truthful testimony would have incriminated Jenkins.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 1, 1998.

*Martin H. Eaves*, for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.