## A99A0417. JONES v. THE STATE.
### (515 SE2d 431)

BLACKBURN, Judge.

Alvin Jones appeals from his convictions of armed robbery, kidnapping with bodily injury, burglary and robbery by sudden snatching, following a jury trial. Jones contends the trial court erred by granting the State's motion to consolidate separate indictments for trial. The trial court determined that the offenses showed a common motive or scheme such that the indictments were properly consolidated for trial. We affirm.

In indictment 9700138 Jones was charged with armed robbery against Herman Prillaman on August 6, 1996, and two counts of robbery by sudden snatching against Betty and Linton Day on August 11, 1996. In indictment 9700121, Jones was charged with the armed robbery, kidnapping with bodily injury and burglary upon the person and property of Jack Morris on August 16, 1996. The State moved for the consolidation of the indictments for trial on the grounds that the crimes were part of a common plan as they were committed within a ten-day period, Jones and his co-defendants were involved in the crimes and the victims were all elderly. The trial court agreed and consolidated the indictments for trial.[1]

Jones argues that the consolidation of the two separate indictments containing separate counts occurring at different times was erroneous. Jones contends that only separate counts of the *same* indictment can be consolidated. This contention is contrary to Georgia law. Separate indictments may be joined for trial if it is shown that the offenses charged therein are part of a single scheme or plan. See *Swinney v. State*, 217 Ga. App. 657, 659 (2) (458 SE2d 686) (1995); *Miller v. State*, 214 Ga. App. 393 (1) (448 SE2d 20) (1994); *Langston v. State*, 195 Ga. App. 873 (2) (395 SE2d 74) (1990). While the issue is within the discretion of the trial court, where separate indictments are joined solely because they are of the same or similar character, the defendant is generally entitled to severance. See *Swinney*, supra.

In this case, however, the trial court determined that the offenses alleged evidenced both a common plan and a common

---

[1] The State's motion to consolidate also included a third indictment, but the motion was denied as to that indictment.

method of operation.

> The underlying consideration regarding the issue of a joint trial on two or more indictments is whether undue or great risk of prejudice from a joint disposition of charges would result. Where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the discretion of the trial judge.

(Citation and punctuation omitted.) *Langston,* supra at 874.

Absent a showing of harm, the trial court's ruling will not be disturbed. Jones has pointed to no evidence in the record of harm or prejudice. Therefore, we cannot say that the trial court abused its discretion in consolidating the indictments for trial.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED APRIL 1, 1999 —
RECONSIDERATION DISMISSED APRIL 22, 1999.

*John B. Cloy,* for appellant.

Alvin Jones, *pro se.*

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney,* for appellee.