A99A1875. HARPER v. THE STATE.
(528 SE2d 317)

SMITH, Judge.

After beating a prison guard, inmate Johnny Harper was convicted of obstructing a law enforcement officer. Following a hearing, the trial court denied Harper's motion for new trial. Among several grounds Harper asserts for reversal, he contests the sufficiency of the evidence and the effectiveness of his trial counsel. Finding no basis for reversal, we affirm.

On the morning of the incident, Correctional Officer Ethridge Lokey was working in a protective custody cellblock. In that area, all inmates were "kept separate in individual cells" that were electronically locked at all times except when the inmates were taken out to the yard or to shower or removed for other administrative reasons. According to Lokey, the inmates were taken out one at a time, permitted to shower, then placed back into their respective cells. While escorting Harper to the shower, Lokey was suddenly and viciously attacked. When Lokey regained consciousness, Harper was on top of him beating him on his head. When the blows abruptly ceased, Harper returned to his cell, and Lokey summoned help on his radio. Lokey sustained two broken ribs, multiple bruises and contusions to his head and shoulders, and a punctured lip. As a result of the beating, Lokey missed nearly a month of work. Lokey testified that Harper was "the only inmate out of his cell at the time."

Fellow Correctional Officer Mary Riffle, responsible for electronically unlocking the cell doors, observed Harper being taken to the shower by Lokey. Moments later, alerted by Lokey's radio call, Riffle

saw Lokey leaning against a wall, his face bloodied. Riffle immediately summoned help. According to Riffle, no other cell doors had been opened, and she did not see any other persons in the hallway.

Harper's sole defense was self-defense. Harper, an inmate for 18 years, routinely performed research in the prison law library. Harper claimed that on the morning of the incident, at the time he returned from the prison library, Lokey was angry with him because "I had snitched on him." Harper maintained that Lokey had filed 19 disciplinary reports against him within a 44-day period, and he had filed three grievances against Lokey.[1] Harper testified that Lokey had been the aggressor and had swung at him with handcuffs "wrapped around his fists." According to Harper, he acted only to defend himself after Lokey attempted to assault him.

Lokey contradicted Harper's assertions, testifying that although there had been some prior differences between the two men, no prior difficulties had occurred that triggered concern for his personal safety. Lokey did not recall having filed any disciplinary reports concerning Harper and attested that he was not aware of any grievances filed against him by Harper.

1. In three assertions of error, Harper contends that the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence.

When the "general grounds" are asserted, we review only the sufficiency of the evidence. *Martin v. State*, 219 Ga. App. 277, 278 (1) (464 SE2d 872) (1995). Here, Lokey described in detail how he had been beaten, and his physical injuries were consistent with his account of events. Riffle confirmed that no other inmate had been out of his cell. At the time of the crime, Lokey was in the process of exercising his lawful duties as a correctional officer. See generally *Kight v. State*, 181 Ga. App. 874, 875 (1) (354 SE2d 202) (1987). Having reviewed the evidence in the light most favorable to the jury's determination and leaving evidence weight and witness credibility to the jury, we find that a jury could have found Harper guilty beyond a reasonable doubt of the crime of obstruction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Witherspoon v. State*, 262 Ga. 2 (1) (412 SE2d 829) (1992).

2. Harper contends that the pretrial proceedings discriminated against him as an inmate and denied his right to procedural due process under the federal constitution.

During a pretrial hearing, Harper argued that as an inmate he had not been afforded the same treatment as persons not incarcerated at the time of commission of a crime. He claimed that in the

---

[1] Harper offered no documentation for either claim.

"free world" after a warrant is served on a person accused of a crime, that person has a first appearance hearing within 72 hours and can seek to obtain appointed counsel, who can then file motions, request a preliminary hearing, and otherwise present a defense. The trial court agreed to give defense counsel an opportunity to file appropriate motions and to conduct a hearing on those motions before trial.

After this hearing, Harper filed a "motion to quash the indictment or in the alternative plea in bar/abatement." In this motion, Harper asserted that he did not waive his right to counsel prior to arraignment, a first appearance hearing, or a preliminary hearing. Harper contended that the Georgia Department of Corrections and the Georgia State Prison in Reidsville deprived him of his constitutional rights and denied him equal protection.

On appeal, Harper asserts that he was not notified of arraignment and that his counsel waived formal arraignment without Harper's authorization to do so. Harper, however, failed to show that he obtained a ruling on these issues below. He did not supply a transcript of the motion hearing or a copy of an order denying the motion to quash indictment. Any purported error was waived by Harper's failure to obtain a ruling on these issues before the verdict. *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999); see *Frazier v. State*, 204 Ga. App. 795 (420 SE2d 824) (1992) (right of formal arraignment and plea is considered conclusively waived when not brought to court's attention until after verdict).

3. Harper asserts that his trial counsel was ineffective. We disagree.

To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient but also that the deficiency prejudiced him. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997). Failure to satisfy either prong of the *Strickland* standard is fatal to an effectiveness claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiencies. *Ortiz v. State*, 222 Ga. App. 432, 434 (5) (474 SE2d 300) (1996).

Harper claims that his attorney failed to conduct any pretrial investigation of the crime scene or to offer photographs or videotapes of it. He further contends that his counsel did not consult him about trial strategy or obtain statements from witnesses willing to testify on his behalf. It is undisputed that the medical personnel who examined Harper shortly after the attack were unable to find any injuries whatsoever. Nor did Harper offer any evidence to substantiate his testimony that grievances and disciplinary actions had been filed or that there had been any prior difficulties. Nor did Harper

demonstrate how these witnesses, photographs, or videos would have resulted in a different outcome to his trial. See *Ortiz*, supra. Although Harper testified that he had been in prison for 18 years and had never previously attacked a guard, the record indisputably shows that Harper was incarcerated in an area designed to maintain intense security over certain prisoners. Harper's failure to make the requisite showing of prejudice is fatal to this claim even assuming for purposes of argument that his trial counsel's performance had been somehow deficient. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). Since the trial court's finding that Harper was not denied effective assistance of counsel was not clearly erroneous, it must be affirmed. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

4. Harper contends that he was unable to assist in his own defense because he was not permitted to obtain his eye medication.

Just before trial, Harper informed the court that he had a degenerative vision problem and that he was not receiving certain eye drops prescribed for him. Despite Harper's claim that he could not effectively participate in his own defense without the medication, the court found otherwise. An administrative assistant to the warden who reviewed Harper's file testified that there was no current prescription for any eye medication in that file. The court noted that Harper was able to recognize three corrections officers from distances of 20 and 30 feet. The court expressly found that Harper's showing that he would be prejudiced by proceeding with the trial was insufficient.

Absent a showing of harm, a trial court's ruling will not be disturbed. *Jones v. State*, 237 Ga. App. 715, 716 (515 SE2d 431) (1999). Since Harper has provided no evidence of what assistance he could otherwise have provided at trial and how such assistance would have changed the outcome of his trial, we must reject this claim. *Brooks v. State*, 232 Ga. App. 115, 117 (9) (501 SE2d 286) (1998).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JANUARY 19, 2000.

*Samuel G. Oliver*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Timothy B. Lumpkin, Assistant District Attorney*, for appellee.