## A02A1209. PARKS v. THE STATE.
### (570 SE2d 350)

MILLER, Judge.

Antavious Parks challenges his conviction for armed robbery on two grounds: the evidence was insufficient, and the court erred in allowing the jury to rehear certain testimony. Since the victim identified Parks as the robber, and since Georgia has long allowed juries to rehear certain testimony, both grounds fail. Therefore, we affirm.

1. "On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) *Jenkins v. State*, 230 Ga. App. 166, 169 (2) (495 SE2d 647) (1998); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-8-41 (a) provides that a person commits armed robbery when he with the intent to steal takes another's property from the person by use of an offensive weapon.

Construed in favor of the prosecution, the evidence showed that the victim had just pulled into the parking lot of his employer when a man pointed a gun at him and demanded his wallet. The victim gave up the wallet (which contained a credit card), and the robber also reached into the victim's vehicle and took the victim's car keys and checkbook. The robber escaped on foot.

At trial, the victim positively identified Parks as the robber. The victim's employer also identified Parks to police from a photo array as the man who was around the business at the time of the robbery. Parks's brother testified that Parks confessed to the robbery to him, and a girlfriend of the brother testified that within hours after the robbery, Parks tried to use the victim's credit card in a shopping trip.

Parks challenges the veracity of the victim's identification. "The determination of a witness'[s] credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." (Citation and punctuation omitted.) *Jenkins*, supra, 230 Ga. App. at 169 (2). This Court neither weighs the evidence nor determines witness credibility. Id. The jury resolves any conflicts in the evidence. *Jaber v. State*, 243 Ga. App. 562, 563 (533 SE2d 767) (2000). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

Moreover, beyond the victim's identification, Parks's confession, his presence near the crime scene, and his possession of the credit

card were evidence of guilt. The evidence sufficed to sustain the armed robbery conviction.

2. Parks also complains that in response to their question during deliberations, the jury was allowed to rehear the contents of Parks's statement to police. He claims that the evidence was closed and that the reading of his statement unduly prejudiced the jury. This argument is without merit.

During trial, an officer testified about the contents of a written statement Parks made to him. In the statement, Parks admitted to the shopping trip with his brother's girlfriend. Though admitted, the written statement was not allowed in the jury room. During their deliberations, the jury requested that they be allowed to see the written statement. The judge reread the statement to the jury but did not allow them to have the statement.

The trial court did not err. "It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations." (Citation and punctuation omitted.) *Nobles v. State*, 233 Ga. App. 63, 65 (4) (503 SE2d 321) (1998). As in *Nobles*, the judge here cautioned the jury not to accord the rereading of the testimony any special weight or importance. Id. And as in *Nobles*, we discern no error. Id.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 9, 2002.

*John P. Cannon*, for appellant.

*Kenneth B. Hodges III, District Attorney, Troy E. Golden, Assistant District Attorney*, for appellee.