## A04A0770. BARTLEY v. THE STATE.
### (599 SE2d 318)

MILLER, Judge.

A jury found Randle Keith Bartley guilty of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. Following the denial of his motion for new trial, Bartley appeals, challenging the sufficiency of the evidence. We hold that the evidence sufficed to sustain the convictions and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed most favorably to the verdict, the evidence showed that a pool hall owner noticed Bartley, a regular customer, sitting in his car in the pool hall parking lot. Several minutes later, Bartley entered the pool hall, wielding a gun and wearing a ski mask, and told the owner to "give [him] the money." The owner gave Bartley the small amount of money from a cash register, but Bartley demanded more money and forced the owner to a back office where the owner gave him an envelope containing more money. Bartley continued to demand more money, placed the gun to the left side of the owner's head, and pulled the trigger. The loaded gun misfired, and Bartley persisted in demanding more money. Bartley once again placed the gun to the owner's head and pulled the trigger, and once again the gun failed to fire. The owner then gave Bartley a second envelope full of money. The owner told Bartley that he had no more money and begged for his life. Bartley responded, "I have no choice because you know who I am." Bartley then told the owner to remain in the office for 20 minutes, and left. As Bartley exited through the front door of the pool room, the owner reached to lock the door when Bartley bolted back through the door, pulled off his mask, and said, "there's cops everywhere." Bartley subsequently surrendered to police.

This evidence more than sufficed for a rational trier of fact to find Bartley guilty beyond a reasonable doubt of armed robbery, possession of a firearm during the commission of a crime, and aggravated assault.[1] In his brief, Bartley mainly challenges the credibility of the witnesses. However, "[t]he determination of a witness's credibility,

---

[1] See OCGA §§ 16-8-41 (a); 16-11-106 (b); 16-5-21 (a) (1).

including the accuracy of eyewitness identification, is within the exclusive province of the jury." (Citation and punctuation omitted.) *Parks v. State*, 257 Ga. App. 25 (1) (570 SE2d 350) (2002).

Judgment affirmed. *Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2004.

Patrick G. Longhi, for appellant.
Patrick H. Head, District Attorney, Dana J. Norman, Timothy B. Lumpkin, Assistant District Attorneys, for appellee.