## A04A1061. DAVIS v. THE STATE.
(600 SE2d 742)

ELDRIDGE, Judge.

A Muscogee County jury convicted Prince Davis, Jr. of one count of aggravated assault (OCGA § 16-5-21) and one count of possession of a firearm during the commission of a crime (OCGA § 16-11-106). He

---

[4] See *Voxcom, Inc. v. Boda*, 221 Ga. App. 619, 620 (472 SE2d 155) (1996).
[5] OCGA § 9-12-9; *Turley v. Turley*, 244 Ga. 808, 809 (262 SE2d 112) (1979).

was sentenced consecutively as a recidivist to twenty years confinement to serve seven years, the remainder probated, and five years confinement, respectively. Davis appeals from the denial of his motion for new trial, as amended, challenging the sufficiency of the evidence and the effectiveness of trial counsel. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Barbara Johnson was visiting Carrie Inez Epps, a friend, at a Columbus area trailer park at approximately 7:00 p.m., on March 14, 2001. Johnson had earlier ended a relationship with defendant Davis because, among other things, she was married. As Johnson prepared to drive home, Davis stepped out from behind a tree and attempted to get into her locked car. Unsuccessful and with Epps watching from her front door, Davis fired a pistol through the driver's window and ordered Johnson out of the vehicle. Davis fired his gun a second time into the dirt as Johnson got out. He then pointed his weapon at Johnson and fired a third time. This time the weapon jammed. Police later arrested Davis on a warrant for his arrest.

Davis testified, denying involvement in the crimes upon the alibi that he was then in Alabama visiting a girlfriend. Sandra Jackson-Gary, Davis' girlfriend at the time of trial, corroborated this testimony, indicating that she had spoken to him by telephone in Alabama at approximately 8:30 p.m. on the evening in issue.

1. Davis contends that the State failed to prove his guilt beyond a reasonable doubt, arguing his alibi defense as corroborated by Jackson-Gary. But, it was for the jury to assess Davis' credibility (as well as that of his witness), to resolve any conflicts in the evidence, and to arrive at a determination of the facts. *Bowden v. State*, 270 Ga. 19, 21 (4) (504 SE2d 699) (1998); *Hodnett v. State*, 269 Ga. 115, 116 (1) (498 SE2d 737) (1998); *Phanamixay v. State*, 260 Ga. App. 177, 178 (1) (581 SE2d 286) (2003). This the jury did. "The testimony of a single witness is generally sufficient to establish a fact." (Citation and punctuation omitted.) *Phanamixay v. State*, supra at 178. Accordingly, the evidence was sufficient for the jury to find Davis guilty beyond a reasonable doubt of aggravated assault and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Davis contends that he received ineffective assistance of counsel before and during his trial. "To prevail on an ineffectiveness claim [under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)], an appellant must show that his trial counsel's performance was deficient and that this deficiency prejudiced his defense. See *Elrod v. State*, 222 Ga. App. 704, 707 (3) (475 SE2d 710) (1996)." *Quinn v. State*, 255 Ga. App. 744, 748 (566 SE2d

450) (2002). "Failure to satisfy either prong of the *Strickland* standard is fatal to an effectiveness claim. Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiencies." (Citations omitted.) *Harper v. State*, 241 Ga. App. 865, 867 (3) (528 SE2d 317) (2000). " 'The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' [Cit.]" *Cox v. State*, 242 Ga. App. 334, 336 (3) (528 SE2d 871) (2000).

(a) Davis contends that his trial counsel was ineffective for failure to call an available alibi witness, namely a woman whom Davis asserts could have testified that he was in Alabama at the time of the crimes.

The evidence at the motion for new trial hearing was in dispute on this point. Trial counsel testified that Davis had not asked him to call the witness he complains of as requested but not called. Davis' testimony was contradictory, i.e., he testified that he had asked counsel to call the alibi witness and that he had neither done so nor asked the witness to testify himself. A fortiori, counsel does not perform deficiently for failure to call a witness he is not asked to call, and there is no error in the trial court for giving more credence to trial counsel's testimony under these circumstances than it did to Davis' evidence of alibi. *Cox v. State*, supra. Even were it otherwise, there is no prejudice here. "In order to satisfy the second part of the [*Strickland*] test, the defendant must show that there is a reasonable probability that, absent counsel's deficiency, the result would have been different. [Cit.]" *Cross v. State*, 271 Ga. 427, 430 (3) (520 SE2d 457) (1999). This Davis failed to do.

(b) Davis' claims to the contrary notwithstanding, his trial counsel testified at the motion for new trial hearing that he advised Davis of the maximum permissible punishment he faced as a recidivist upon the offenses for which he was charged; that he addressed the probability of Davis' conviction on the State's evidence; and that the rights advisement he gave Davis was inclusive of the right to remain silent. Davis' testimony on direct indicated that there had been extensive pretrial consultation with counsel, this occurring monthly on a face-to-face basis for more than a year before trial. Under these circumstances, there likewise was no error upon the finding that trial counsel was not ineffective for deficient performance under the first prong of *Strickland* as to the legal sufficiency of the rights advisement Davis received. *Cox v. State*, supra.

(c) Davis also urges the ineffectiveness of his trial counsel for failure to make unspecified objections and to move for a mistrial at trial. These claims are unsupported by citation of authority or argument and are deemed abandoned on appeal. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JUNE 3, 2004.

Mark A. Casto, for appellant.
J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney, for appellee.