## A09A0018. WILLIAMS v. THE STATE.
### (678 SE2d 95)

MILLER, Chief Judge.

Following a bench trial, Willie Lee Williams was convicted of one count of burglary (OCGA § 16-7-1). He appeals from the trial court's denial of his motion for new trial, as amended, challenging the sufficiency of the evidence, the denial of his motion for a directed verdict, the sentence imposed, and the denial of his request to testify while not handcuffed.

Viewed in the light most favorable to the verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that at approximately 10:00 p.m. on March 1, 2005, Ernest Howard was on his way to his East Point home when he heard the sound of breaking glass coming from the victim, Ricky Martin's, next door house. Howard called 911. Responding police testified that they found the back window of Martin's home broken, and, upon entering the home, found Williams hiding in a closet under a pile of clothing. Williams' arrest followed.

1. Williams contends that the State failed to prove his guilt of burglary beyond a reasonable doubt, arguing that he entered the dwelling for the sole purpose of seeking shelter on a cold evening. Here, it was for the trial court, sitting as the trier of fact, to assess Williams' credibility, to resolve any conflicts in the evidence, and to determine the facts. *Overton v. State*, 295 Ga. App. 223, 225 (1) (671 SE2d 507) (2008). This the trial court did. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8; *Davis v. State*, 267 Ga. App. 668, 669 (1) (600 SE2d 742) (2004). Accordingly, the evidence was sufficient for the trial court to find Williams guilty beyond a reasonable doubt of burglary. OCGA § 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with intent to commit a felony or theft therein, he enters . . . within the dwelling . . . of another. . . ."); *Jackson*, supra, 443 U. S. 307.

2. Williams contends that the trial court erred in denying his motion for a directed verdict, again challenging the sufficiency of the evidence and arguing that the indictment was defective because it alleged that he entered a dwelling not continuously occupied by his victim. A house, however, need not be continuously occupied to be

deemed a "dwelling" within the meaning of the burglary statute. See *Weeks v. State*, 274 Ga. App. 122, 124-125 (1) (616 SE2d 852) (2005) (only occasional use for residential purpose required). And

> the test established [in *Jackson*, supra, 443 U. S. 307] is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

*Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984); *Hayes v. State*, 249 Ga. App. 857, 859 (1) (549 SE2d 813) (2001). Given the foregoing and in light of our disposition of Division 1, the trial court did not err in denying Williams' motion for a directed verdict.

3. Williams also contends that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7, correctly observing that enhanced sentencing thereunder is not authorized where a specific sentencing scheme is applicable. See *Norwood v. State*, 249 Ga. App. 507, 509 (2) (548 SE2d 478) (2001) ("'[S]pecific sentencing provisions prevail over the general recidivist statute at OCGA § 17-10-7. . . .'") (footnote omitted).

While the record shows that the trial court initially sentenced Williams to a mandatory sentence of twenty years to serve as a recidivist under OCGA § 17-10-7, it thereafter modified the sentence to a sentence of twenty years to serve ten. The trial court's sentence, as modified, was proper under the specific sentencing scheme applicable to Williams as a defendant convicted of burglary having two prior burglary convictions. OCGA § 16-7-1 (b) ("Upon a second conviction for a crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than two nor more than 20 years."). Consequently, the trial court did not abuse its discretion upon imposing its modified sentence.

4. Inasmuch as Williams was tried at a bench trial, the trial court did not abuse its discretion by requiring him to testify while he remained handcuffed. "It is well established that the accused, *while in the presence of the jury*, should be free of indicia of guilt such as wearing shackles or prison garb, or being surrounded by uniformed security personnel, or anything else that might infringe upon the presumption that he is innocent." (Citation and punctuation omitted; emphasis supplied.) *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476) (1990). That he was tried by the trial judge sitting alone at a bench trial, Williams plainly fails to show any prejudice arising out of the fact that he was required to testify while shackled. "A trial judge

sitting alone is presumed to know the law. [Cit.]" *Crossley v. State*, 261 Ga. App. 250, 252 (582 SE2d 204) (2003). Accordingly, the instant claim of error is likewise without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 9, 2009 —
RECONSIDERATION DENIED MAY 7, 2009.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.