## A10A0300. FITZPATRICK v. THE STATE.
(690 SE2d 878)

JOHNSON, Presiding Judge.

A jury found Dexter LaShune Fitzpatrick guilty of aggravated assault and burglary. Following the denial of his motion for a new trial, Fitzpatrick appeals, challenging the sufficiency of the evidence and claiming that he received ineffective assistance of counsel. We find no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

So viewed, the evidence shows that on the evening of January 22, 2005, Cedric Cotton and Shanta Tucker were asleep in their home when they were awakened by a banging on the front door. Cotton and Tucker saw that Fitzpatrick, who was Cotton's brother-in-law, had entered the house with a rifle. Fitzpatrick pointed the rifle at Tucker and then used the butt of the rifle to bang on the door of the bedroom where Tucker's children were sleeping. After Cotton tried to block the door to prevent Fitzpatrick from entering the bedroom, Cotton and Fitzpatrick engaged in a physical altercation. During the struggle, Fitzpatrick told Cotton that he "was going to get [him] back" for something he had said previously, and Cotton was shot in the arm.

1. Fitzpatrick claims that the evidence was insufficient to sustain his convictions for burglary and the aggravated assault of Cotton. However, OCGA § 16-7-1 (a) provides that a person commits the offense of burglary when he enters the house of another "without authority and with the intent to commit a felony or theft therein." Here, evidence was presented showing that Fitzpatrick entered the home of Cotton and Tucker without authority, that he did so with the intent to commit the felony of aggravated assault,

---

[1] (Citations and punctuation omitted.) *Bartley v. State*, 267 Ga. App. 367 (599 SE2d 318) (2004).

and that he assaulted Cotton with a deadly weapon after Cotton attempted to prevent him from entering the children's bedroom.[2]

2. Fitzpatrick also claims that his counsel was ineffective for failing to object when the state solicited testimony from Cotton regarding a prior difficulty between the two men. In this testimony, Cotton alleged that he and Fitzpatrick engaged in a "mutual" altercation during a family reunion in 2003. After Cotton and Fitzpatrick "had a few words" with each other, the police were contacted, and Cotton went to his mother's house without discussing the incident with the police.

> Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.[3]

Here, the testimony regarding the altercation between Fitzpatrick and Cotton at the family reunion showed the state of the relationship between the parties; provided evidence that the parties were, in fact, involved in the prior incident; and established a sufficient connection between the prior incident and the charges for which Fitzpatrick was being tried.[4] As a result, the evidence of the prior difficulty was admissible and cannot serve as the basis for a claim of ineffective assistance.[5]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 3, 2010.

*John B. Tucker*, for appellant.
*Peter J. Skandalakis, District Attorney, Melissa L. Himes, Assistant District Attorney*, for appellee.

---

[2] See OCGA § 16-5-21 (a) (2).

[3] (Citations and punctuation omitted.) *Givens v. State*, 273 Ga. 818, 823 (4) (546 SE2d 509) (2001).

[4] See *Campbell v. State*, 278 Ga. 839, 841 (3) (607 SE2d 565) (2005).

[5] *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007).