**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A2563. RILEY v. THE STATE.                                    DO-096 C

DOYLE, Presiding Judge.

Dontavious Dannle Riley was found guilty of armed robbery,[1] five counts of aggravated assault,[2] and six counts of possession of a firearm during the commission of a felony.[3] Riley appeals, arguing that the evidence was insufficient to support the verdict and that trial counsel was ineffective for (1) failing to request an alibi charge, (2) failing to object to a police officer's testimony that she took out a warrant for burglary when it was not a charged offense, and (3) for failing to request that certified

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a) (2).

[3] OCGA § 16-11-106 (b) (1).

indictments be redacted to exclude inadmissible misdemeanor offenses before going out with the jury. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[4]

"This same standard applies to our review of the trial court's denial of [Riley's] motion for new trial. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5]

Viewed in the light most favorable to the verdict, the evidence shows that Riley, at the invitation of Lucius Tomes, attended a barbeque on October 4, 2008, at the apartment home of Jerome Reeves. Freddie and Katherine Reeves arrived at the barbeque around 6:00 p.m., after Riley, and Katherine and Riley played cards together during the course of the event. Although Freddie was not engaged in the game, he

---

[4] (Citation omitted.) *Bartley v. State*, 267 Ga. App. 367 (599 SE2d 318) (2004), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] (Footnotes omitted.) *Stephens v. State*, 247 Ga. App. 719 (545 SE2d 325) (2001).

overheard Riley and Katherine as they played and noticed that Riley wore black Timberland brand boots. Riley eventually left the barbeque while Katherine and Freddie were still there.

At around 11:30 p.m., Riley returned to the barbeque brandishing a handgun and ordered the guests not to move because "this is a robbery." Although he was wearing darker clothing and had a bandana over his face, Katherine, Freddie, and Lucius identified him as the robber. When Katherine attempted to flee, Riley shot her in the back.

As Riley fled the apartment, he saw Jermaine Jones and Keisha Taylor, grabbed Taylor, and told Jones to give him money. Taylor, who lived a few apartments away from Riley, identified him as the assailant.

On October 29, Riley entered a seafood restaurant at around 10:00 p.m., brandished a gun, and demanded money of the cashier. The cashier testified that Riley was not wearing a mask when he entered the store, but later pulled a mask over his face; the cashier testified that he was able to see Riley's face clearly before the robbery.

Katherine, Freddie, Tomes, and Taylor were able to identify Riley from a photographic line-up. From the line-up results, investigators prepared a flyer alerting

residents to be on the lookout for Riley, and upon delivering the flyer to the seafood restaurant, the detective stated that the cashier identified Riley as the individual who robbed him on October 29.

Riley presented the testimony of Twana Walker, his sister, who lived in the same apartment complex as the barbeque and who testified that Riley was not at her apartment on October 4. Riley also took the stand in his own defense and denied being involved in either incident.

1. Riley first argues that the evidence was insufficient to support the verdict. He simply argues that the witnesses identifying him as the perpetrator were not credible. As this Court has repeatedly explained, however, "the determination of a witness's credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury."[6] The mere fact that Riley presented an alibi witness is insufficient to reverse the determination of the jury.[7] Accordingly, this enumeration is without merit.

2. Riley next contends that he received ineffective assistance of counsel.

---

[6] (Punctuation omitted.) *Bartley*, 267 Ga. App. at 367-368, quoting *Parks v. State*, 257 Ga. App. 25 (1) (570 SE2d 350) (2002).

[7] See *Davis v. State*, 267 Ga. App. 668, 669 (1) (600 SE2d 742) (2004).

In evaluating a claim of ineffective assistance of counsel, we apply the two-prong test set forth in *Strickland v. Washington*.[8] [Riley] must show that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different. In evaluating the first prong of this test, a strong presumption exists that counsel's conduct falls within the broad range of professional conduct. On appellate review of the trial court's ruling, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[9]

(a) Riley argues that his trial counsel was ineffective for failing to request a jury charge regarding his alibi defense. The trial court found this argument unavailing, and its determination is not clearly erroneous.

[T]he true effect of an alibi defense is to traverse the State's proof that the defendant committed the crime[. Thus,] the charge that the burden is on the [S]tate to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of

_____

[8] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[9] (Punctuation omitted.) *Donald v. State*, 312 Ga. App. 222, 227 (4) (718 SE2d 81) (2011).

5

whether the evidence of alibi was sufficient to create a reasonable doubt.[10]

In this case, the trial court charged the jury on the burden of proof, reasonable doubt, and presumption of innocence of the accused. Riley testified that he was not at the barbeque at the time of the October 4 armed robbery, and he testified that he had never entered a Supreme Fish Delight restaurant, which was the location of the October 29 incident. Because "[t]he absence of a charge on alibi did not change the fact that no juror who believed [Riley's] testimony could find that the [S]tate had carried its burden of proof," the trial court correctly determined at the motion for new trial that Riley failed to carry his burden of proof under the second prong of *Strickland* by establishing that there was a reasonable probability the outcome of his trial would have been different had trial counsel requested and received a jury charge on alibi.[11]

(b) Next, Riley argues that trial counsel was ineffective for failing to object to the investigator's statement at trial that she took out a warrant against him for

---

[10] (Punctuation omitted.) *Hill v. State*, 290 Ga. App. 140, 142 (2) (658 SE2d 863) (2008).

[11] *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10) (1982). See also *Davis*, 267 Ga. App. at 670 (2) (a).

burglary in addition to the charges in this case. Riley contends that this was prejudicial character evidence, and trial counsel should have objected to the statement. We disagree.

The investigator made a single, brief mention of taking out a warrant for burglary against Riley when she did so for the rest of the charges in this case, and no other mention of a burglary charge was made during trial. On the other hand, five witnesses identified Riley as the assailant in the October 4 and 29 incidents. "In order to satisfy the second part of the *Strickland* test, the defendant must show that there is a reasonable probability that, absent counsel's deficiency, the result would have been different. This [Riley] failed to do."[12] Accordingly, there was no clear error on the part of the trial court for finding that Riley did not establish ineffective assistance of counsel on this ground.

(c) Finally, Riley contends that trial counsel was ineffective for failing to request that the trial court redact inadmissible misdemeanor offenses from his conviction records prior to admitting them into evidence. The misdemeanors in question, which included possession of marijuana, theft by receiving stolen property, and carrying a concealed weapon, were introduced as part of properly admitted felony

---

[12] (Citations and punctuation omitted.) *Davis*, 267 Ga. App. at 670 (2) (a).

7

conviction records for theft by receiving and possession of a gun and possession of a knife during commission of a felony, and Riley failed to establish that the outcome of the trial would have been different if these misdemeanor convictions had been redacted when the related, more prejudicial felony convictions were properly admitted.[13] Accordingly, the trial court did not clearly err by denying Riley's motion for new trial on this ground.

*Judgment affirmed. Andrews, P. J. and Boggs, J., concur.*

---

[13] See *Hernandez v. State*, 317 Ga. App. 845, 850 (2) (b) (733 SE2d 30) (2012) (concluding that it was highly improbable that victim's testimony in an aggravated battery case that defendant was involved in a cocaine sale contributed to the guilty verdict in light of the overwhelming evidence of guilt).