## 70388. BARBER v. THE STATE.
(335 SE2d 594)

BENHAM, Judge.

Appellant was charged with one count of incest against each of his two daughters and one count of child molestation against the younger of the two victims. A jury acquitted him of the incest charge involving the younger victim, but convicted him of the remaining two counts. He appeals the judgment of conviction on the general grounds, on the trial court's refusal to sever the charges, and on the trial court's remark about a witness' testimony. We affirm.

1. The older victim testified that when she was about eight years old, appellant began molesting her by feeling her private parts. He engaged in sexual intercourse with her from the time she was 11 or 12 years old until she married at age 16. The younger victim testified that when she was about eight years old, appellant began molesting her by rubbing her back, stomach, and private parts, and that he later had intercourse with her. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scales v. State*, 171 Ga. App. 924 (321 SE2d 764) (1984).

2. Appellant contends that the trial court was required to grant his motion for severance of the counts charged because the only connection between them was that they were of a similar character and that he did not receive a fair trial as a result of the failure to sever. We disagree.

" 'The basic rule of *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) [1975], is that severance is mandatory where offenses are joined solely on the ground that they are of the same or similar character. However, the exceptions expounded in *Dingler* and further articulated and expanded in subsequent cases are controlling here . . .'' Offenses may also be joined for trial when they are based (1) 'on the same conduct,' or (2) 'on a series of acts connected together' or (3) 'on a series of acts constituting parts of a single scheme or plan' . . . If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance." [Cits.]' '' *Phillips v. State*, 160 Ga. App. 345 (1) (287 SE2d 69) (1981). "In the present case, the crimes charged were so similar as to evidence a common plan or scheme . . . [Had there been separate trials] all of the offenses would have been admissible at the trial of the other." *Davis v. State*, 158 Ga. App. 549 (1) (281 SE2d 305) (1981).

The trial court did not abuse its discretion in denying appellant's motion to sever the charges. Moreover, the fact that the jury acquitted appellant of one of the incest charges indicates that the jury was not prejudiced against appellant by dint of the joint trials.

3. During the trial, appellant's sister testified that he told her he was innocent of the charges. The prosecuting attorney objected, and the trial court sustained the objection and instructed the jury to disregard the question and answer, saying, "One of your witnesses can't testify what your client told that witness. That would be rank hearsay." Appellant's counsel resumed questioning the witness without comment.

Appellant now contends that the "rank hearsay" remark was an impermissible and prejudicial expression of an opinion by the trial court. "Where the trial judge is alleged to have made a prejudicial

remark . . . during the course of the trial in violation of [OCGA § 17-8-57, formerly OCGA § 17-8-55], an objection or motion for mistrial must be made in order to preserve the issue for appeal. [Cits.] Although the appellant made no such objection or motion in this case, we have nevertheless examined the judge's [comment] and have determined that [it was] not prejudicial." *Thomas v. State*, 158 Ga. App. 97 (2) (279 SE2d 335) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 19, 1985 — 

*Elsie H. Griner, Galen P. Alderman*, for appellant.
*Lew S. Barrow, District Attorney, David C. Walker, Robert B. Ellis, Jr., Assistant District Attorneys*, for appellee.