## 76562. RADFORD v. THE STATE.
(372 SE2d 480)

SOGNIER, Judge.

Appellant was convicted of theft by taking and he appeals.

1. Appellant contends the evidence is not sufficient to sustain his conviction, and thus, it was error to deny his motion for a new trial. The evidence disclosed that appellant endorsed and deposited a check in the amount of $742, payable to American Termite and Pest Control Company (American Termite), in his account with a brokerage firm. Because the check was a third-party check appellant was required to sign an affidavit that he was the owner of American Termite and the check belonged to him. Appellant was not the owner or an employee of American Termite and had no authority to negotiate the check. Several months later William Vaughn, the actual owner of American Termite, learned that appellant had cashed the check and contacted him by telephone. Vaughn testified that appellant told Vaughn he had obtained the check from American Termite's post office box by telling the postal clerk he (appellant) had left his keys at home and asking for the mail. Appellant was given the mail, took the check, and placed the other mail in the drop box so it would be replaced in American Termite's post office box. Appellant agreed to repay Vaughn, but at the time of trial had not repaid any portion of the $742. Vaughn also testified that appellant had no authority to take the check from American Termite's post office box.

Appellant acknowledged that he negotiated the check in question, but testified that Vaughn had given appellant the check in payment of a $500 debt, and he was to return the excess amount to Vaughn.

The only issue in this case was one of credibility of witnesses, which is a question for determination by the jury. *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634) (1987). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and thus, the trial court did not err by denying appellant's motion for a new trial on this ground.

2. Appellant alleges the trial court erred by admitting a photostatic copy of the check into evidence in violation of the best evidence rule. Pretermitting the question of admissibility, we find any error in admitting a copy of the check into evidence was harmless under the facts of this case. Appellant acknowledged negotiating the check in question and as stated in Division 1, the only issue was whether appellant received the check lawfully from Vaughn, as appellant testified, or whether he took it from American Termite's post office box without authority. Thus, the check itself was of little or no significance in determining appellant's guilt or innocence. Applying the test for harmless error set forth in *Moore v. State*, 254 Ga. 674, 677 (333

SE2d 605) (1985), we find that any error in admitting a photostatic copy of the check into evidence would not have influenced the jury's verdict in any way.

3. Appellant contends the trial court erred by failing to grant a new trial on the ground that the prosecuting attorney improperly argued the law with respect to the presumption of innocence, thereby invading the province of the court and misleading the jury. Appellant made no objection to the prosecuting attorney's argument, and this court will not consider questions raised for the first time on review. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Christine A. Van Dross*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, David Wright, Assistant District Attorneys*, for appellee.