A89A0492. HERRING v. THE STATE.
(383 SE2d 178)

CARLEY, Chief Judge.

Appellant was tried before a jury on an indictment charging him with two counts of burglary, one count of robbery, and six counts of forgery. He was acquitted on one of the burglary counts and found guilty on the remaining counts. He appeals from the judgments of conviction and the sentences entered by the trial court on the jury's verdicts of guilt.

1. One of the burglaries and the robbery were alleged to have been committed against one victim. The other burglary and the forgeries were alleged to have been committed against another victim. Appellant moved to sever the trial of the offenses as against one victim from the trial of the offenses as against the other victim. He enumerates the denial of his motion to sever as error.

The two alleged burglaries of the victims' homes were sufficiently

similar so that the evidence as to one would be relevant and admissible evidence as to the other. " '[W]here . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying [appellant's] motion for severance.' " *Johnson v. State*, 257 Ga. 731, 733 (2c) (363 SE2d 540) (1988). Since appellant was acquitted on one of the burglary counts, it is clear that the jury was " 'able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975). The trial court did not err in denying the motion to sever.

2. Over appellant's best evidence objection, the trial court admitted into evidence a photocopy of one of the forged checks. This evidentiary ruling is enumerated as error.

"Pretermitting the question of admissibility, we find any error in admitting a copy of the check into evidence was harmless . . . [because appellant admitted signing and negotiating each of the checks] in question. . . . [T]he only issue was whether appellant received the [checks] lawfully . . . , as appellant testified, or whether he took [them] . . . without authority. Thus, the check itself was of little or no significance in determining appellant's guilt or innocence." *Radford v. State*, 188 Ga. App. 204 (2) (372 SE2d 480) (1988).

3. Appellant enumerates the general grounds.

As to the burglary and robbery counts, the victim positively identified appellant as the man who had entered her home through a bedroom window, had stolen items from the house, and had forcibly taken jewelry from her. Appellant was arrested the following day while wearing clothing taken in the burglary. As to the forgery counts, a jury question existed with regard to appellant's defenses of consent or justification. The resolution of any conflicts in the testimony and the assessment of the credibility of the witnesses were for the triors of fact. See *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980). After a review of the record, we find that the evidence was sufficient to prove appellant's guilt beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 5, 1989.

*James C. Stripling*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.