A90A2325. CARROLL v. THE STATE.
(403 SE2d 875)

COOPER, Judge.

Appellant was indicted on five counts of aggravated child molestation and six counts of child molestation. Counts one and two charged appellant with aggravated child molestation as to Brian Willett ("Willett"). Counts three through nine charged appellant with aggravated child molestation and child molestation as to John Hart ("Hart"). Counts ten and eleven charged appellant with child molestation as to Richard Pierce ("Pierce"). After a jury trial, appellant was found not guilty on both counts relating to Willett and on one count relating to Hart and a directed verdict of acquittal was granted on one count relating to Pierce. Appellant was convicted on all other

counts. Appellant appeals from his conviction and sentence and the denial of his motion for a new trial, raising as his sole enumeration of error the trial court's failure to grant his motion to sever, in which appellant requested separate trials for the counts relating to each victim.

The evidence adduced at trial revealed that appellant's daughter babysat for two-year-old Willett at appellant's home. Willett testified that appellant touched his "wee-wee" with appellant's tongue and he touched appellant's "wee-wee" with his tongue in the bedroom of appellant's home. Willett's mother, upon hearing the foregoing from Willett in July 1989 called her sister, Hart's mother, because she knew that her nephew had spent time with appellant. Apparently, appellant was a friend of the family and, beginning in 1986, offered to let Hart spend the night with him and go on fishing and swimming trips with him. Hart was 13 years old at the time of the trial in 1989. Hart testified as to several acts of molestation that occurred, including acts of oral sex. The acts occurred in appellant's bedroom and bathroom as well as on outings in the woods. Hart testified that appellant would give him money on occasion for performing these acts, and appellant told Hart not to tell anyone what had occurred. Pierce's mother testified that her family also knew appellant and appellant and her son were planning to do yard work together during the summer of 1989. She stated that appellant requested to take Pierce on fishing and swimming trips and she acquiesced. Pierce's mother saw a newspaper article about appellant's arrest, and after discussing the situation with Pierce, decided on the basis of his response to go to the police. Prior to the trial Pierce did not know the other two victims. Pierce, who was 13 years old when the incidents occurred, testified that appellant touched his penis during their swimming outings and while they were out together cutting grass. Pierce stated that appellant at times offered him money or offered to buy him some tapes if Pierce would take his clothes off and Pierce stated that appellant told him not to tell anyone about what was going on.

" 'In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), (the Supreme C)ourt adopted ABA Standards of severance which provide that a defendant is entitled to severance if offenses are joined simply because they are similar in nature.' [Cit.] However, '(o)nly when the offenses have been joined *solely* because they are of the same or similar character shall the accused have a right to severance of the offenses. (Cits.)' [Cit.] Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind. [Cit.] ' "Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be

joined — subject to the right of the defendant to a severance in the interests of justice. (Cits.)" ' [Cit.] '(S)everance in this particular kind of circumstance lies within the sound discretion of the trial judge. . . .' [Cit.]" *Wilson v. State*, 188 Ga. App. 779, 780 (1) (374 SE2d 325) (1988). The similarity of the crimes, circumstances and the victims in the case sub judice evidence a common motive, plan, scheme or bent of mind, and thus the appellant had no right to the severance of the counts. See *Barber v. State*, 176 Ga. App. 103 (2) (335 SE2d 594) (1985). A trial judge, in exercising his discretion to sever, " 'may balance the interests of the (S)tate and the accused by considering such factors as whether the same evidence would be necessary and admissible in each count, and whether the joining of counts in one trial might confuse the jury. (Cits.)' " *Jordan v. State*, 172 Ga. App. 496 (1), 497 (323 SE2d 657) (1984). In the instant case, evidence of the acts against each victim would have been admissible in each trial if separate trials had been granted. See *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989). " ' "(W)here . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying (appellant's) motion for severance." ' [Cit.]" *Herring v. State*, 191 Ga. App. 798 (1), 799 (383 SE2d 178) (1989); *Wilson*, supra. Further, the fact that the jury acquitted appellant of the charges involving Willett and of one of the charges involving Hart indicates that the jury was " ' "able to distinguish the evidence and apply the law intelligently as to each offense." (Cit.)' [Cit.]" *Herring*, supra at 799; see *Barber*, supra. We find no abuse of discretion in the trial judge's denial of appellant's motion to sever.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 8, 1991.

*Glover & Davis, R. Keith Prater*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.