A05A2041. WILSON v. THE STATE.
(622 SE2d 411)

JOHNSON, Presiding Judge.

A jury found Christopher Wilson guilty of identity fraud. Wilson appeals, alleging the evidence was insufficient to support his conviction and the trial court erred in admitting a photocopy of a check. We find no error and affirm Wilson's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Wilson contends the evidence was insufficient to support his conviction of identity fraud. According to Wilson, "[i]t would be mere speculation for the trier of fact to assume that [Wilson] removed Mr. Thomason's driver's license from the mailbox and then travelled to Cuthbert, Georgia, to cash Mr. Royal's check." We disagree. The record shows that Sam Patel, the owner of a convenience store, testified that Wilson presented him with check #4979 from Royal's Agricultural Consulting Company in the amount of $350. The check was made payable to Clarence Thomason. Wilson also produced a driver's license that was issued to Clarence Thomason. When Patel questioned Wilson about the picture on the driver's license, Wilson responded that it was an old picture. According to Patel, Wilson

---

[1] *Epps v. State*, 262 Ga. App. 113 (1) (584 SE2d 701) (2003).
[2] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).
[3] *Epps*, supra.

endorsed the check as if he were Clarence Thomason. Patel positively identified Wilson as the man who presented him with check #4979. The record further shows that Jack Royal testified that he never signed check #4979. In addition, Thomason testified at trial that he had ordered a new driver's license, but had never received it. He speculated that it had been stolen from his mailbox in Calhoun County. Wilson lives on the same street as Thomason.

The crime of identity fraud is defined as the obtaining of identifying information of a person which would assist in accessing the resources of that person or any other person without authorization and with intent to unlawfully appropriate that person's resources to one's own use as a third party.[4] Venue for identity fraud can be found in the county in which the victim of the fraud lives.[5]

Based on the evidence presented at trial, the jury was authorized to find Wilson guilty of identity fraud.[6] Wilson was not charged with stealing checks from Royal or stealing the driver's license of Thomason. He was charged with stealing Thomason's identity, and the jury heard direct, uncontested evidence establishing that Wilson used Thomason's identifying information.

2. Wilson contends the trial court erred by admitting into evidence a copy of the check that was allegedly forged. We agree. However, we find the error harmless.

The transcript shows that the state never accounted for the original check when defense counsel objected on the ground that the admission of the original was the best evidence. It was, therefore, error for the trial court to admit the photostatic copy.[7] However, the error was harmless because the state's witnesses provided direct testimony regarding details about the check and specifically testified regarding Wilson's use of Thomason's driver's license. Thus, the check itself was of little or no significance in determining Wilson's guilt or innocence. Any error in admitting a photostatic copy of the check into evidence would not have influenced the jury's verdict in any way.[8]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED OCTOBER 20, 2005.

*Billy M. Grantham*, for appellant.

---

[4] OCGA § 16-9-121 (1).
[5] OCGA § 16-9-125.
[6] *Epps*, supra.
[7] See OCGA § 24-5-2; *Cox v. State*, 93 Ga. App. 533, 535 (2) (92 SE2d 260) (1956).
[8] *Radford v. State*, 188 Ga. App. 204, 204-205 (2) (372 SE2d 480) (1988).

*Joseph K. Mulholland, District Attorney, Richard Parker, Assistant District Attorney*, for appellee.