A06A1765. SMITH v. THE STATE.
(642 SE2d 399)

BERNES, Judge.

A DeKalb County jury convicted Barry Smith of voluntary manslaughter.[1] Smith appeals from the trial court's denial of his motion for new trial, contending that the trial court erred by admitting the victim's ministry ordination certificates into evidence at trial. He argues that the certificates constituted prejudicial hearsay. We agree that the certificates were improperly admitted, but for the reasons that follow, conclude that admission of the certificates was harmless error. We therefore affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Smith shot the unarmed victim after the victim provoked a confrontation with Smith and his friends. On the night of the incident, three of Smith's friends drove to a residence in DeKalb County to pick up Smith, who was visiting another friend. When they arrived, they observed a group of individuals, including the victim and his brother, congregated down the street. They parked their car, and went to the back of the residence to wait for Smith. By the time Smith and his friends returned to the car to leave, the victim and his group had moved from their initial location, and were standing next to their car, "looking for trouble."

The victim, who was black, began harassing two of Smith's friends on the basis of their race. The victim commented, "we got some white boys in the neighborhood"; threatened to "wrap them up" and

---

[1] Smith was convicted of voluntary manslaughter as a lesser included offense of the charged offenses of murder and felony murder.

"fold them back"; and warned, "ya'll better hurry up and get out from over here or ya'll gonna get robbed." He also threatened to throw a rock at their car.

Smith's friends grew anxious and quickly retreated to the car. The victim then tossed a can of beer to his twin brother, who "welcome[d]" Smith's friends to the neighborhood and sprayed beer over the windshield of the car. Smith's friends, upset and angry, exited the car. The victim confronted the driver of the car, asking him "what are you gonna do about it?"

In the meantime, another individual at the scene stepped in to defend Smith's friends. The victim then confronted this individual. When this argument escalated, Smith obtained a gun,[2] pointed it at the victim and told the victim to "let [his] friend go." Moments later, Smith shot the unarmed victim in the head. The victim died shortly thereafter as a result of the gunshot wound. This evidence was sufficient to support Smith's conviction of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Smith contends that his conviction should be reversed because the trial court admitted three certificates purportedly reflecting the victim's status as an ordained minister. Smith objected at trial to the admission of the certificates on the grounds of hearsay, lack of evidentiary foundation, and relevance. We agree with Smith that the certificates were inadmissible for the reasons stated by Smith at trial.[3] See OCGA §§ 24-3-1 (a); 24-7-1; *Suarez v. Suarez*, 257 Ga. 102, 103-104 (2) (355 SE2d 649) (1987); *Hall v. State*, 244 Ga. 86, 91-92 (4) (259 SE2d 41) (1979). See also *Lucas v. State*, 274 Ga. 640, 642-643 (2) (555 SE2d 440) (2001). Nonetheless, "[t]his court has recognized the general rule that in order to justify a new trial or reversal, the trial court's ruling must be both erroneous and harmful to the appellant." (Citation and punctuation omitted.) *Head v. State*, 220 Ga. App. 281, 283 (3) (469 SE2d 406) (1996).

Here, given the overwhelming evidence of Smith's guilt, any error in admitting the challenged evidence was harmless beyond a reasonable doubt. Five witnesses, including Smith's friends, testified that they saw Smith shoot the unarmed victim. *Cockrell v. State*, 281 Ga. 536, 537 (2) (640 SE2d 262) (2007). Moreover, the victim's twin brother testified without objection that the victim was a minister who started a youth ministry in high school and gave revivals at various churches. "[W]here the same fact has been admitted in evidence

---

[2] The evidence is conflicting as to how many weapons were present on the scene and how Smith obtained possession of the gun. However, the uncontroverted evidence established that the victim was unarmed at the time of the actual shooting.

[3] The state concedes that the certificates lacked an evidentiary foundation and were improperly admitted.

before the jury, without objection, such admitted evidence renders harmless the admission of the same evidence over objection." *Casey v. State*, 246 Ga. App. 786, 790 (3) (b) (542 SE2d 531) (2000). Since the improper evidence was merely cumulative, its admission was harmless.

Finally, we note that Smith's conviction of the lesser charge of voluntary manslaughter, rather than murder and felony murder, strongly supports our conclusion that the jury was not unduly prejudiced by knowledge that the victim was a minister.[4] See, e.g., *Barber v. State*, 176 Ga. App. 103, 104 (2) (335 SE2d 594) (1985) (defendant's acquittal of some charges indicates that jury was not prejudiced against defendant); *Ferris v. State*, 172 Ga. App. 729, 732 (2) (324 SE2d 762) (1984) (same).

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 23, 2007.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[4] In order to find Smith guilty of voluntary manslaughter, the jury necessarily had to conclude that the victim provoked Smith, i.e., Smith caused the death of the victim while acting "solely as the result of a sudden, violent, and irresistible passion *resulting from serious provocation.* . . ." (Emphasis supplied.) OCGA § 16-5-2 (a).