## A06A2239. LEE v. THE STATE.
(642 SE2d 876)

JOHNSON, Presiding Judge.

Jai Devon Lee was indicted for identity fraud under OCGA § 16-9-121. He pled not guilty to the charge and was tried before a jury, which found him guilty of the offense. The trial judge sentenced Lee, who has four prior felony convictions, to serve ten years in prison. Lee appeals.

1. Lee contends there is insufficient evidence to support his conviction. The contention is without merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[1]

Viewed in the light most favorable to the verdict, the evidence in the instant case shows that Lee used to work for Snelling Personnel Services, a company that provides temporary workers for businesses. Lee had received payroll checks from Snelling and had kept in contact with the company to update his file, most recently in August 2004. On December 6, 2004, someone using the fictitious name of James Strobridge ordered 500 Snelling payroll checks from NEBS Business Forms in Massachusetts. The order was placed from Lee's cellular telephone and the address to which the checks were to be shipped is Lee's home address of 17 Mikell Street in Statesboro.

Four days later, on December 10, a second call was made from Lee's telephone to NEBS, inquiring about the status of the order. That same day, the shipment of the 500 payroll checks to be delivered to Lee's house arrived in Statesboro. The delivery driver, however, recognized that the Mikell Street address is a private residence and he knew that Snelling's office is actually located on South Zetterower Avenue; so he delivered the shipment to the business office on South Zetterower.

---

[1] (Citations and punctuation omitted.) *Wilson v. State*, 276 Ga. App. 39 (1) (622 SE2d 411) (2005).

No one at Snelling had ordered the checks, which contain the number of a Snelling bank account that, on average, carries an $80,000 balance. Snelling's branch manager called the police. Upon discovering that the fraudulent order had been placed from Lee's phone and was to be sent to Lee's address, the police arrested Lee.

OCGA § 16-9-121 provides, in pertinent part, that the elements of identity fraud include accessing or attempting to access another's resources through the use of identifying information.

> A person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of . . . that person, or of any other person, to his or her own use or to the use of a third party he . . . [a]ccesses or attempts to access the resources of a person through the use of identifying information.[2]

We note that the applicable definition of "person" for all of Title 16 is found in OCGA § 16-1-3 (12), which states that: " 'Person' means an individual, a public or private corporation, an incorporated association, government, government agency, partnership, or unincorporated association." Accordingly, Snelling is a "person" under the identity fraud statute, and there is sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Lee is guilty of identity fraud in that he attempted to access Snelling's resources through the use of its bank account information and the fraudulent payroll checks.[3]

2. Lee argues that the trial court erred in not instructing the jury on the definition of a "business victim" as set forth in OCGA § 16-9-120 (2).[4] Since Snelling is a business and that statutory definition of a business victim requires a showing of actual financial loss, Lee reasons that the trial court should have given a jury charge on this definition and required the state to prove an actual financial loss by Snelling.

Lee's reasoning is flawed because the term "business victim" is not contained in OCGA § 16-9-121, the identity fraud statute under

---

[2] OCGA § 16-9-121 (2).

[3] Under OCGA § 16-9-120 (4) (D) and (E), the term "identifying information" as used in the identity fraud statute includes checking and savings account numbers.

[4] OCGA § 16-9-120 (2) provides:

"Business victim" means any individual or entity that provided money, credit, goods, services, or anything of value to someone other than the intended recipient where the intended recipient has not given permission for the actual recipient to receive it and the individual or entity that provided the money, credit, goods, services, or anything of value has suffered financial loss as a direct result of the commission or attempted commission of a violation of this article.

which Lee was indicted. Rather, as noted above in Division 1, OCGA § 16-9-121 uses the broader term "person," which encompasses not only individuals, but also various business and government entities, to describe the victim of an identity fraud offense. Moreover, the only place in the entire forgery and fraudulent practices article in which the term "business victim" is actually used is OCGA § 16-9-129, which provides that a business victim under the article shall have a cause of action for actual damages sustained, punitive damages and costs of litigation.

Consequently, contrary to Lee's argument, the definition of a business victim cannot be incorporated into the plain language of OCGA § 16-9-121 to add another element — actual financial loss — to the crime of identity fraud. And the trial court committed no error in refusing to give such a jury instruction.

3. Lee claims that the trial court erred in including a jury charge on the Black's Law Dictionary definition of fraud.

> In reviewing a challenge to the trial court's jury charge, we view the charge as a whole to determine whether that court fully and fairly instructed the jury on the law of the case. If the jury is charged in such a manner as to work no prejudice to the defendant, then this Court will not consider a challenge to the wording of isolated segments.[5]

Here, the court fully charged the jury on the crime as charged in the indictment as well as the statutory definition of identity fraud. Even if the additional charge on the dictionary definition of fraud as a false representation of a matter of fact was unnecessary, it did not, in the context of the charge as a whole, prejudice Lee and thus does not constitute reversible error.

4. Lee contends that the indictment is vague and the trial court should have granted his motion to dismiss it as insufficient. We disagree.

> The true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. It is useful to

---

[5] (Citations and punctuation omitted.) *Watkins v. State*, 265 Ga. App. 54 (592 SE2d 868) (2004).

remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy.[6]

The indictment in the current case charged Lee with financial identity fraud in that on December 6, 2004, in Bulloch County, he, without the permission of Snelling, "and with the intent to unlawfully appropriate financial resources of said business to his own use, attempted to access the financial resources of the business through the use of identifying information."

This language plainly tracks the language of the identity fraud statute, lays out the elements of the offense and specifies the time and place of the offense. The indictment met the purposes of sufficiently apprising Lee of the charge he had to be prepared to meet, allowing him to prepare his defense intelligently, and protecting him from double jeopardy. The trial court did not err in refusing to dismiss the indictment as insufficient.

5. Lee complains that the ten-year sentence is unlawful because he was charged with attempted identity fraud under OCGA § 16-9-122, which is expressly excluded from the maximum ten-year sentence by OCGA § 16-9-126 (a). Lee's claim is specious since he was not indicted for attempted identity fraud under OCGA § 16-9-122. Instead, he was expressly indicted for the completed offense of identity fraud under OCGA § 16-9-121, which occurs when one accesses or *attempts* to access another's resources. Under OCGA § 16-9-126 (a), the penalty range for that offense is imprisonment for one to ten years, and therefore the trial court's imposition of the maximum ten-year sentence was not unlawful.

6. Lee contends that the state engaged in illegal plea bargaining tactics in that it threatened to recommend a longer sentence if he rejected the plea bargain offer and exercised his right to a jury trial. There is, however, nothing in the record to support this contention. While the parties did engage in plea negotiations, Lee rejected the state's offers and chose to go to trial. The fact that he was given a longer sentence than the five-year sentence the state had offered to recommend as part of a plea bargain is not evidence of improper bargaining.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[6] (Citations, punctuation and emphasis omitted.) *Snider v. State*, 238 Ga. App. 55, 58 (2) (516 SE2d 569) (1999).

DECIDED MARCH 1, 2007 —

*McNeill Stokes*, for appellant.
*Richard A. Mallard*, District Attorney, *Gina M. McNabnay*, *Daphne H. Jarriel*, Assistant District Attorneys, for appellee.