A93A1974. MILLER v. THE STATE.
(441 SE2d 443)

Cooper, Judge.

Appellant was convicted by a jury of armed robbery and appeals from the judgment of conviction entered on the jury verdict.

Viewed in favor of the jury's verdict, the evidence reveals that on November 28, 1992, Kim Dorsey and Bernay Brown were working at a convenience store in Clayton County, Georgia. At approximately 9:30 p.m., a man entered the store and demanded at gunpoint that they turn over the money from the register. Dorsey gave the money to the man and he left the store. Both Brown and Dorsey gave a description of the man to the police. The next day, Cassandra Pitts was working in the store when she noticed a man who fit the general description of the robber standing on the outside of the store. Pitts called Dorsey to describe the man, and while they were on the telephone, the man came in the store and asked for the key to the men's room. When the man left, Pitts called the police and gave them his description, and Dorsey went to the store to view a videotape which showed the man in the store with Pitts. Dorsey identified the man in the tape as the man who robbed the store the previous night. Later that night, the police officer investigating the case saw a man in the area of the convenience store who fit the general description of the robber. The police officer questioned the man, who was subsequently identified as appellant. Appellant was very cooperative and accompanied the police officer to the police station so that the officer could take his picture. Appellant was released that night but was subsequently arrested and charged with the armed robbery. At trial, Dorsey and Brown identified appellant as the man who robbed the store, and Pitts identified appellant as the man who was in the store the day following the robbery. Appellant testified and denied committing the robbery.

1. Appellant enumerates as error the general grounds and the denial of his motion for directed verdict of acquittal. He argues that Dorsey and Brown were only able to give general descriptions of the robber and their descriptions had discrepancies. Appellant also argues that the evidence was insufficient as to venue. The investigating officer testified that Dorsey and Brown both described the robber as a

black male with a thick moustache, approximately 5'8", one hundred and fifty pounds, wearing a blue hat, a glove, a dark, bulky jacket and thick glasses. "The testimony of the [two] victims amply supported the verdict, although there were [minor] discrepancies in the descriptions which the victims had given in their reports to the police. . . ." *Reese v. State*, 145 Ga. App. 453, 459 (8) (243 SE2d 650) (1978). We also find Dorsey's testimony sufficient to establish venue in Clayton County. The evidence was sufficient to enable a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends that the trial court erred in failing to give a complete charge on circumstantial evidence. The trial judge charged the jury that "[c]ircumstantial evidence is the proof of facts or circumstances by direct evidence from which you infer other related or connected facts which are reasonable and justified in the light of your experience." Although not entirely clear from appellant's brief, appellant apparently contends the trial judge should have charged the jury pursuant to OCGA § 24-4-6 that to warrant a conviction on circumstantial evidence, the facts must exclude every hypothesis save that of the guilt of the accused. In *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), the Supreme Court of Georgia held that this charge should be given upon request where the State's case depends in whole or in part on circumstantial evidence. However, the State's case consisted solely of the direct evidence of the victims of the robbery. Appellant argues that the victims were impeached based on the discrepancies in their respective descriptions. However, such discrepancies were matters for the jury to consider in judging the credibility of the witnesses and weighing the evidence. See *Turner v. State*, 206 Ga. App. 683, 684 (426 SE2d 168) (1992). Even if the victims were impeached, a charge on circumstantial evidence was not warranted because there was no other evidence authorizing a verdict of guilty. *Mayfield v. State*, 153 Ga. App. 459 (3) (265 SE2d 366) (1980).

3. In his final enumeration of error, appellant argues that the victims' in-court identifications were tainted by an impermissibly suggestive identification which occurred at the preliminary hearing. During a hearing on appellant's motion to suppress the in-court identifications, both victims testified that they had sufficient time to view appellant at the time of the robbery and their identifications of appellant at trial were based on their independent recollections of appellant from the night of the robbery. Even if the pretrial identification were tainted, the in-court identifications were admissible since the victims' in-court identifications had an independent origin. *Taylor v. State*, 203 Ga. App. 210 (2) (416 SE2d 554) (1992). Accordingly, we find no merit to appellant's argument.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 10, 1994 —
RECONSIDERATION DENIED FEBRUARY 28, 1994 —

*John G. Walrath*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.