## A02A0472. MORENO v. THE STATE.
(564 SE2d 505)

JOHNSON, Presiding Judge.

A jury found Jose Moreno guilty of three counts of child molestation. Moreno argues that the state failed to prove venue beyond a reasonable doubt and that his sentence was not within the statutory limits prescribed for the offense of child molestation. Because the record shows that venue was proven beyond a reasonable doubt, we affirm Moreno's convictions. However, because the trial court's sentence is confusing, we remand the case for resentencing.

1. In his first enumeration of error, Moreno contends the state failed to prove venue beyond a reasonable doubt. However, the record belies this contention. The record shows that in the fall of 1998, the two victims, their mother, and Otis Wilson, their mother's boyfriend, moved into Moreno's home. Wilson testified that Moreno's house,

---

[3] Id. at 614.

[4] See *Green v. State*, 266 Ga. 550, 551 (1) (468 SE2d 365) (1996); *Nunez v. State*, 237 Ga. App. 808, 809-810 (1) (516 SE2d 357) (1999).

where the offenses took place, was located "[o]n the Gwinnett/DeKalb line on Buford Highway, north of 285 about three or four miles." He was then asked, "And do you know what county it was actually in?" and he responded, "It was in Gwinnett." This testimony is sufficient to prove venue.[1] Contrary to Moreno's contentions, a police officer was not required to testify regarding venue.[2]

2. Moreno next asserts that the trial court erred in sentencing him. According to the record, Moreno was convicted of three counts of child molestation, and the trial court sentenced him to a total of "35 yrs. (serve 25 yrs.) concurrent. After 25 yrs. in confinement, defendant shall be subject to deportation." OCGA § 16-6-4 (b) provides that a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than twenty years, and a second or subsequent conviction shall be punishable for not less than ten years nor more than thirty years or by imprisonment for life.

The state, while arguing that the sentence was within the statutory limits, admits that separate, individual sentences should have been imposed. Because the sentence is, indeed, confusing, we remand the case for resentencing consistent with OCGA § 16-6-4 (b).

*Judgment affirmed and case remanded for resentencing. Blackburn, C. J., and Miller, J., concur.*

DECIDED APRIL 16, 2002.

*John R. Burdges*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.

---

[1] OCGA § 24-4-8 (testimony of a single witness generally sufficient to establish a fact).

[2] See *Rogers v. State*, 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000); *Miller v. State*, 212 Ga. App. 193, 194 (1) (441 SE2d 443) (1994).