A07A0172. BROOKS v. THE STATE.
(648 SE2d 724)

BARNES, Chief Judge.

Following a jury trial, William Brooks was found guilty of two counts of aggravated child molestation and three counts of child molestation. After the denial of his new trial motion, he appeals contending that the State failed to establish venue, and that his trial counsel was ineffective. Upon review, we affirm.

1. In his first enumeration of error, Brooks contends the State failed to prove beyond a reasonable doubt the crimes happened in Meriwether County. However, the record belies this contention. The record shows that his aunt testified that the victim told her that Brooks molested him at "the big house," which is what he called his grandmother's house where he lived with his mother and grandmother, and where Brooks lived from 1997 until 1999. The evidence

---

[11] *Kania v. State*, 280 Ga. App. 356, 362 (5) (c) (634 SE2d 146) (2006).
[12] See *Upshaw v. State*, 249 Ga. App. 741, 746-747 (4), (5) (549 SE2d 526) (2001).

established that the "big house" was located in Meriwether County. The testimony of a single witness is sufficient to establish venue. See *Moreno v. State*, 255 Ga. App. 88, 89 (1) (564 SE2d 505) (2002).

2. Brooks also contends that his trial counsel was ineffective. He maintains that trial counsel failed to prepare for trial, investigate the case, subpoena important documents, interview key witnesses, and object to damaging testimony.

To prevail on this claim, Brooks has the burden of establishing that his defense counsel's performance was deficient and the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). In doing so, he had to show there was a reasonable probability the result of his trial would have been different but for his defense counsel's unprofessional deficiencies, *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988), and he must overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (5) (344 SE2d 485) (1986). We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless the finding is clearly erroneous. *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

(a) Brooks first maintains that trial counsel did not adequately investigate his case. He complains that his attorney did not interview key witnesses, including the victim's mother, and that he did not subpoena records from the victim's school, the Department of Family and Children Services (DFACS), and a mental health facility, or review key records from the facility that conducted the psychosexual evaluation on the victim.

Although Brooks contends that trial counsel did not interview individuals, including the victim's mother, he made no proffer of the expected testimony, other than a very general assertion that "he would have discovered valuable information, including another possible person to blame for any abuse — [the victim's] grandfather." Such a speculative argument is not sufficient to establish that a probability existed that the result of the trial might have been different if counsel had done so. Moreover, trial counsel testified at the new trial hearing that he could not find the mother and that Brooks had informed him that she might be at a drug rehabilitation facility. He subpoenaed Brooks' mother, but she said that she did not get the subpoena until after the trial. He could not recall any other witnesses that Brooks wanted to subpoena. Trial counsel also testified that nothing in his conversations with Brooks led him to believe that he would need to subpoena the DFACS records.

Moreover, in the order denying Brooks' motion for new trial, the trial court noted that it had "carefully examined these records and the trial transcript and finds that there is no reasonable probability that,

even with the admission into evidence of the facts in these records, the result of [Brooks'] trial would have been different."

As trial counsel's failure to employ certain evidence cannot be deemed prejudicial to the defendant in the absence of a showing that the evidence would have been relevant and favorable to the defendant, and no showing has been made, we cannot say that this ruling is clearly erroneous. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). It is the province of the trial court to weigh the credibility of the witnesses and unless clearly erroneous, its findings of fact will be upheld on appeal. *Parker v. State*, 226 Ga. App. 462, 466 (8) (a) (486 SE2d 687) (1997).

(b) Brooks also contends that his trial counsel was ineffective for failing to object to the expert's testimony despite the fact that counsel had not received or reviewed the psychosexual report prepared by the expert. He appears to argue that the State either violated OCGA § 17-16-4 (a) (4) for not providing the expert's report and his trial counsel was ineffective in not objecting to the violation or asking for a continuance, or that trial counsel received the report but was ineffective in that he allowed the expert to be called to the stand to testify without having reviewed the expert's report.

At the motion on the new trial hearing, trial counsel testified that he could not remember whether he got the report, and that it was possible that he received the report but just could not recall it. He also testified that he had opted into discovery, and "the district attorney's office would always provide us with a complete copy of their files." He also speculated that it was possible that he had the medical report but lost it as some of his questioning at trial appeared to reference information contained in the report. The State maintained that it provided Brooks with a copy of the report along with all discovery.

As noted before, the trial court determines issues of credibility regarding witnesses. *Parker v. State*, supra, 226 Ga. App. at 466 (8) (a). Moreover,

> even when we consider the State's failure to produce the abovementioned report[ ] . . . , the import of which is left to mere speculation and conjecture in this case, we reach the conclusion that the defendant is not entitled to a new trial because there is no "reasonable probability" that the State's production of the abovementioned documents would have brought about a different result in defendant's trial. [Cit.]

*Fogarty v. State*, 231 Ga. App. 57, 58-59 (2) (497 SE2d 628) (1998).

Brooks also complains that trial counsel failed to object when the expert was asked whether the victim could distinguish between certain sexual acts he had seen his mother engage in and the acts that

Brooks was accused of committing. The expert answered that in his opinion the victim did not confuse his mother's sexual acts with the acts committed by Brooks.

> What is forbidden is expert opinion testimony that "directly addresses the credibility of the victim," i.e., "I believe the victim; I think the victim is telling the truth," or expert opinion testimony that implicitly goes to the ultimate issue to be decided by the jury, when such issue is not beyond the "ken" of the average juror, i.e., "In my opinion, the victim was sexually abused." Although the distinction may seem fine to a layman, there is a world of legal difference between expert testimony that "in my opinion, the victim's psychological exam was consistent with sexual abuse," and expert testimony that "in my opinion, the victim was sexually abused." In the first situation, the expert leaves the ultimate issue/conclusion for the jury to decide; in the second, the weight of the expert is put behind a factual conclusion which invades the province of the jury by providing a direct answer to the ultimate issue: was the victim sexually abused?

(Citations omitted.) *Odom v. State*, 243 Ga. App. 227, 228 (1) (531 SE2d 207) (2000). Accordingly, "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance." *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

Moreover, the expert's testimony appears to be an attempt to explain what impact it could have on the victim to see his mother engaging in sexual intercourse, rather than an impermissible opinion on an ultimate issue. Even if a reasonable juror could have interpreted the expert's testimony as an impermissible affirmation of the victim's credibility, the court's limiting instruction and jury charge made it clear that the jury need not accept any opinions provided by the expert witness. Therefore, it is not reasonable to conclude that, but for the inclusion of this testimony, the result of the trial would have been different.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 28, 2007.

*Gerald P. Word, Leigh S. Schrope*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.