## A10A1367. THOMAS v. THE STATE.
### (701 SE2d 525)

ADAMS, Judge.

Mario Ladon Thomas was convicted and sentenced on one count of rape and two counts of child molestation. His sole argument on appeal is that the evidence was insufficient to support the conviction for rape because there was no evidence of force.

Construed in favor of the verdict,[1] the evidence shows that on or about August 5, 2003, S. G., who was 15 years old, returned home from summer volleyball practice at school and sat down to watch some television while still wearing her basketball shorts and a t-shirt. She was alone because her mother worked long hours. Thomas, S. G.'s 22-year-old cousin, who knew of S. G.'s mother's work schedule, entered the house, sat down beside S. G., and touched her upper thigh. In response, S. G. got up and went to her room without saying anything; Thomas followed her. S. G. was lying on her bed when Thomas came into her room. He then turned her onto her back, grabbed her shorts and underwear, and pulled them off. S. G. testified that she did not try to stop Thomas. Thomas then got on top of S. G. and pulled his own pants down. S. G. did not say anything at that point. Thomas touched her thigh and vagina and then began intercourse. S. G. testified that she did not tell Thomas to stop or say anything and that Thomas did not prevent her from doing so. The incident lasted about four minutes. At the end, Thomas told S. G. not to say anything or tell anyone. When asked what kind of tone Thomas used, S. G. testified, "It wasn't a threat but it was like a demanding tone." S. G. testified that she did not want the incident to happen. To explain her lack of resistance, S. G. testified, "I was shocked and scared at the same time so I didn't say nothing." She testified that she did not try to fight because he was bigger than she.

After Thomas left, S. G. showered and stayed in her room for 45 minutes until her mother came home. But S. G. did not tell her mother what happened because she was afraid of how her mother would react; the incident only came to light when she told a teacher two weeks later. She had become emotional in school one day after

---

[1] *Matthiessen v. State*, 277 Ga. App. 54 (625 SE2d 422) (2005).

witnessing a boy attempt to put his hand up a girl's skirt, and she eventually told a counselor what Thomas had done.

Thomas testified in his own defense that he was engaged to be married and had three children by his fiancée. He also denied all of the charges including being at the scene anytime after June 2003. But S. G.'s mother testified that Thomas was at the house with some regularity and that she saw him there only a few days or a week before the date that S. G. said the incident occurred.

"A person commits the offense of rape when he has carnal knowledge of . . . [a] female forcibly and against her will." OCGA § 16-6-1 (a). "[T]he state must prove the element of force to obtain a conviction for forcible rape of a victim under the age of consent." *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998).[2] "[F]orce may be proved by direct or circumstantial evidence." (Citation and punctuation omitted.) *Wightman v. State*, 289 Ga. App. 225, 228 (1) (656 SE2d 563) (2008).

"[T]he term 'forcibly' means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation." *Collins*, 270 Ga. at 43. With regard to mental coercion or intimidation:

> Mental coercion, such as intimidation, shows force " 'if the defendant's words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others.' "

*Howard v. State*, 281 Ga. App. 797, 802 (3) (637 SE2d 448) (2006). And even in cases where the victim did not resist, "lack of resistance, induced by fear, is force, and may be shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him." (Citation and punctuation omitted.) *Siharath v. State*, 246 Ga. App. 736, 739 (2) (541 SE2d 71) (2000). Finally, it is well established that "only minimal evidence of force is required in order to prove rape of a child." *Wightman*, 289 Ga. App. at 228 (1). See also *Collins*, 270 Ga. at 44-45 ("the quantum of evidence to prove force against a child is minimal"); *Matlock v. State*, 302 Ga. App. 173, 174 (690 SE2d 489) (2010).

In this case, there is no evidence of any physical threat by Thomas; no evidence prior to the actual incident that Thomas took any action to threaten or intimidate S. G.; no evidence of any words

---

[2] "*Collins* was superseded by statute as stated in *State v. Lyons*, 256 Ga. App. 377, 378-379 (568 SE2d 533) (2002), but *Collins'* reasoning applies here inasmuch as [S. G.] was under the statutory age of consent but not less than ten years of age." *Stover v. State*, 293 Ga. App. 210, 212, n. 2 (666 SE2d 602) (2008).

or actions by Thomas prior to his entry into the bedroom sufficient to establish a reasonable fear of bodily harm, violence, or other dangerous consequences; and no evidence of any prior experience between Thomas and S. G. that affected S. G.'s state of mind.

The State, however, points to the evidence that S. G. said she did not want the incident to occur; that Thomas turned her over and removed her shorts and underwear; that she did not fight back because of Thomas's size; that she was silent during the incident because she was "shocked and scared"; and that after the incident was over, Thomas, in a demanding tone, told her not to tell anyone.

We conclude this evidence meets the minimal quantum of evidence necessary to submit the question of force to the jury in a case involving a child. The jury was authorized to conclude that S. G. did not want to have sex with Thomas and did not resist because she was shocked and scared by Thomas's actions and intimidated by his size; also that Thomas's own demanding instruction that S. G. not tell anyone about the incident corroborated the nature of the encounter. Cf. *Boileau v. State*, 285 Ga. App. 221, 223 (645 SE2d 577) (2007) (regarding force required for aggravated sodomy — victim's testimony that she was "very scared" and that she wanted defendant to stop established that victim's lack of resistance was induced by fear). Compare *Howard*, 281 Ga. App. at 802 (no evidence of force where defendant did nothing more than talk victim into engaging in sexual relations with him).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 10, 2010.

*William J. Mason*, for appellant.
*Julia Fessenden Slater, District Attorney*, for appellee.