**THIRD DIVISION
DOYLE, P. J.,
MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
           **https://www.gaappeals.us/rules**

**September 16, 2025**

# In the Court of Appeals of Georgia

A25A0864. SPIKES v. THE STATE.

DOYLE, Presiding Judge.

Following two jury trials, Charles Spikes was convicted of rape and two counts of child molestation in connection with his sexual assault of a 13-year-old girl.[1] After his motion for new trial was denied, Spikes filed this appeal, in which he contends (1) that the evidence was insufficient to sustain the convictions; that the trial court erred by (2) expressing an opinion as to venue in violation of OCGA § 17-8-57, (3) admitting a prior consistent statement of the victim, and (4) admitting Spikes's prior felony

---

[1] Spikes was originally indicted for aggravated sodomy (Count 1), rape (Count 2), four counts of child molestation (Counts 3, 4, 5, and 6), and false imprisonment (Count 7). Following the first jury trial, Spikes was convicted of Counts 2, 3, and 6 and acquitted on the remaining counts. We reversed Spikes's convictions in *Spikes v. State*, 353 Ga. App. 454 (838 SE2d 121) (2020), and Spikes was subsequently retried on those offenses.

conviction; and (5) that trial counsel provided ineffective assistance. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence."[2]

So viewed, the evidence presented at trial shows that in May 2017, the victim, who was 13 years old, lived with her mother and sister in an apartment directly below that of Spikes in LaFayette, Georgia. On May 21, 2017, the victim was visiting some of her friends at Spikes's apartment.[3] That evening, after everyone else had left, Spikes and the victim were alone in the living room. As the two were watching a movie together, Spikes grabbed the victim by the arm, took her into the bathroom, locked the door, and turned the lights off. Spikes then pulled down her shorts, pushed her over the sink, and put his penis in her vagina. Spikes ejaculated on the victim's back, wiped his semen up with tissue paper, and told the victim, who was crying, to go home and not say anything. Scared, the victim left Spikes's apartment and returned home.

---

[2] (Citation and punctuation omitted.) *Ford v. State*, 370 Ga. App. 414 (897 SE2d 621) (2024).

[3] D. S., one of the victim's friends, testified that he saw Spikes touching and hugging the victim that day.

That night, the victim told her best friend, I. B., what had happened to her, and I. B. convinced her to tell an adult about the incident. The next day, the victim disclosed the abuse to I. B.'s mother, who called the police. A sheriff's deputy was dispatched to the victim's apartment to investigate. The officer testified that the victim was upset, distant, and withdrawn when he arrived, after which the victim provided a written statement. Later, the victim underwent a physical examination, which showed injuries consistent with her account of the assault. Several days later, the victim participated in a forensic interview, during which she described contextual details of the rape.

Spikes was indicted for aggravated sodomy,[4] rape,[5] four counts of child molestation,[6] and false imprisonment.[7] Following a jury trial, he was found guilty of rape and two counts of child molestation. He appealed his convictions, which we reversed in *Spikes v. State* due to the trial court's improper closure of the courtroom.[8]

On remand, Spikes was retried on one count of rape (Count 1) and two counts

---

[4] OCGA § 16-6-2 (a) (2).

[5] OCGA § 16-6-1 (a) (1).

[6] OCGA § 16-6-4 (a) (1).

[7] OCGA § 16-5-41 (a).

[8] See *Spikes*, 353 Ga. App. at 460 (c).

3

of child molestation (Counts 2 and 3).[9] Spikes testified in his own defense at trial. He admitted that the victim was at his apartment but categorically denied her accusations, maintaining that he had no interaction with her on the night in question. The jury found Spikes guilty on all three counts.

The trial court entered a judgment and sentence on the verdict, and Spikes filed a motion for new trial, which he amended twice. After a hearing, the trial court denied Spikes's motion for new trial, finding that the evidence was sufficient to sustain his convictions. Spikes now appeals.

1. Spikes contends that the evidence was insufficient to support his convictions. We disagree.

(a) *Venue.* Spikes first challenges the proof of venue. "In reviewing the sufficiency of the evidence as a matter of constitutional due process, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[10] "[A]s with every other material allegation

---

[9] Count 2 was based on Spikes removing the victim's clothing, and Count 3 was based on Spikes ejaculating on the victim's back.

[10] (Punctuation omitted.) *McCullum v. State*, 318 Ga. 485, 489 (2) (a) (899 SE2d 171) (2024).

contained in an indictment, the State must prove venue beyond a reasonable doubt."[11]

"The testimony of a single witness is sufficient to establish venue."[12]

Here, the victim's testimony established that the apartment in which Spikes assaulted her was located in LaFayette, Georgia.[13] Additionally, the responding officer testified that the apartment complex to which he responded was in Walker County. This testimony was sufficient to prove venue.[14]

(b) *Rape*. "A person commits the offense of rape when he has carnal knowledge of . . . [a] female forcibly and against her will[.]"[15] "Carnal knowledge" is defined as "any penetration of the female sex organ by the male sex organ."[16] "The term 'against her will' means without consent. The fact that a victim is under the age of consent may supply the 'against her will' element in a forcible rape case since it shows that the

---

[11] *Muldrow v. State*, 322 Ga. App. 190, 192 (2) (a) (744 SE2d 413) (2013).

[12] *Brooks v. State*, 286 Ga. App. 209, 210 (1) (648 SE2d 724) (2007).

[13] LaFayette is the county seat of Walker County.

[14] See *Moreno v. State*, 255 Ga. App. 88, 88-89 (1) (564 SE2d 505) (2002) (rejecting the appellant's argument that the State had failed to prove venue beyond a reasonable doubt because a witness testified that the house in which the offenses took place was located in Gwinnett County).

[15] OCGA § 16-6-1 (a) (1).

[16] OCGA § 16-6-1 (a).

victim is incapable of giving legal consent."[17] "The term 'forcibly' means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation."[18]

Here, the victim testified that Spikes grabbed her by the arm, took her into the bathroom, locked the door, pushed her over the sink, and put his penis in her vagina. The victim, who was 13 years old at the time, was legally incapable of giving consent.[19] Given this evidence of penetration, use of physical force, and lack of consent, the jury was authorized to find Spikes guilty of rape.

(c) *Child molestation*. "A person commits the offense of child molestation when such person . . . [d]oes an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"[20] Removal of a victim's clothing may constitute

---

[17] (Punctuation omitted.) *Hicks v. State*, 366 Ga. App. 599, 602 (1) (b) (884 SE2d 16) (2023).

[18] (Punctuation omitted.) *Thomas v. State*, 306 Ga. App. 8, 9 (701 SE2d 525) (2010).

[19] See *Chase v. State*, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009) ("The age of consent in Georgia is 16.").

[20] OCGA § 16-6-4 (a) (1).

an immoral or indecent act sufficient to support a child molestation conviction.[21]

Ejaculating on a victim's body is also an act sufficient to sustain such a conviction.[22]

Here, the minor victim testified that Spikes pulled down her shorts, including her underwear, to her ankles. Additionally, the victim testified that Spikes ejaculated on her back. This evidence authorized the jury to find Spikes guilty of two counts of child molestation.

2. Spikes next contends that the trial court committed plain error by expressing an opinion as to the proof of venue in violation of OCGA § 17-8-57. This contention presents no basis for reversal.

OCGA § 17-8-57 (a) (1) provides that "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." This statute encompasses a trial court's comments about venue.[23] A party alleging a

---

[21] See *Lipscomb v. State*, 315 Ga. App. 437, 439 (1) (727 SE2d 221) (2012) (holding that evidence that the appellant had removed the victim's underwear was sufficient to sustain a conviction for child molestation).

[22] See *Stillwell v. State*, 294 Ga. App. 805, 806 (1) (670 SE2d 452) (2008) (holding that evidence that the appellant had ejaculated on the victim's face was sufficient to support a child molestation conviction).

[23] See *Thompson v. State*, 304 Ga. 146, 155-156 (11) (816 SE2d 646) (2018).

violation of this statute "shall make a timely objection and inform the court of the specific objection and the grounds for such objection, outside of the jury's hearing and presence."[24] Failure to raise such an objection "shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties."[25]

During preliminary jury instructions, the trial court told the jurors not to visit any sites referenced in the trial and, in so doing, made the following statement: "So if you hear particular locations talked about in this trial, obviously it's going to have happened in Walker County, it sounded like from voir dire City of LaFayette, don't go find the locations and check them out." Spikes did not object to this statement. Accordingly, this enumeration is subject only to plain error review, to which the following analysis applies:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the

---

[24] OCGA § 17-8-57 (a) (2).

[25] OCGA § 17-8-57 (b).

error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.[26]

Spikes did not affirmatively waive this issue at trial, so the first prong of plain error is met. Nevertheless, pretermitting whether the trial court's comment expressed an opinion that venue had been proved in violation of OCGA § 17-8-57, Spikes has not shown that this comment affected the outcome of the trial. As explained above, both the victim and the responding officer testified that the crimes of which Spikes was convicted occurred in Walker County, and there was no conflict in the evidence on this point. Accordingly, this enumeration does not survive plain error review.[27]

3. Spikes contends that the trial court erred by admitting a prior consistent statement of the victim over his improper bolstering objection. We disagree.

Under OCGA § 24-8-820 (a),

A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child

---

[26] (Citation, punctuation, and emphasis omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

[27] See *Thompson*, 304 Ga. at 156 (11) (finding no plain error in the trial court's unobjected-to comment about the location of the crimes because the testimony of multiple witnesses established that the crimes of which the appellant was convicted occurred in Fulton County).

by another or with or on another in the presence of such child shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial . . . and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

Generally speaking, unless a witness's veracity has affirmatively been placed in issue, the witness's prior consistent statement is pure hearsay evidence, which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury. [OCGA § 24-8-820], however, is a legislatively-created exception to the general rule prohibiting such hearsay evidence and provides that, so long as certain conditions are met, a statement made by a child describing any act of sexual contact is admissible in evidence by the person to whom the statement was made. As such, [OCGA § 24-8-820] actually contemplates testimony from both the child and those witnessing the child's later reaction, even if the hearsay may be bolstering. . . . [W]here out-of-court statements meet the requirements of OCGA § 24-8-820, their failure to also meet the requirements for admission as prior consistent statements is not a viable ground for challenging them.[28]

During cross-examination of the responding officer, Spikes highlighted a

---

[28] (Citation and punctuation omitted.) *Latta v. State*, 341 Ga. App. 696, 703 (3) (802 SE2d 264) (2017).

discrepancy between the written statement that the victim provided to the responding officer and her testimony. On redirect, the trial court allowed the responding officer to read aloud to the jury the entirety of the victim's written statement, over Spikes's bolstering objection.

However, the statement was made by the victim, who was younger than 16 years of age; the statement described acts of sexual conduct performed on her by Spikes, who was on notice of the State's intention to use the victim's out-of-court statements; the victim testified at trial; and the person to whom the victim made the statement was subject to cross-examination about it. Accordingly, the trial court did not err in admitting the victim's out-of-court outcry that met the statutory requirements of OCGA § 24-8-820.[29]

4. Spikes contends that the trial court erred by admitting evidence of his 2000 felony robbery conviction for impeachment purposes because more than 10 years had

---

[29] See id. at 703 (3) ("It is not error for a trial court to admit an out-of-court outcry statement that meets the statutory requirements of OCGA § 24-8-820."); *Cornell v. State*, 349 Ga. App. 883, 884 (2) (827 SE2d 63) (2019) ("[T]he out-of-court statements made by [the victim] to the hearsay witnesses about acts of sexual abuse committed by [the appellant] were admissible under OCGA § 24-8-820.") (punctuation omitted); *McMurtry v. State*, 338 Ga. App. 622, 627 (4) (a) (791 SE2d 196) (2016) (holding that because the requirements of OCGA § 24-8-820 were met, the trial court did not err by admitting the victim's out-of-court statement to a police officer about the appellant's sexual abuse of the victim).

elapsed since his conviction and release from confinement. We disagree.

OCGA § 24-6-609 (a) provides that, for impeachment purposes, "evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused[.]" Under OCGA § 24-6-609 (b), a party may not impeach a witness with such a conviction more than 10 years old "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." "A trial court's decision under [OCGA § 24-6-609] is reviewed for an abuse of discretion."[30]

Here, the State timely filed a notice of its intent to impeach Spikes with his 2000 felony robbery conviction in the event that he testified. After the State rested its case-in-chief, Spikes moved for the exclusion of this conviction based on its age. The trial court denied Spikes's motion and permitted the State to use the conviction for impeachment purposes, finding that its probative value substantially outweighed its prejudicial effect. In so doing, the trial court considered the nature and age of the conviction, its dissimilarity to the charged offenses such that there was not an

---

[30] *Patterson v. State*, 314 Ga. 167, 178 (3) (875 SE2d 771) (2022).

unacceptable risk that the jury would consider it as evidence that Spikes committed the crimes for which he was on trial, and that the credibility of Spikes's testimony was a critical issue in the case. After Spikes took the stand and denied raping or otherwise molesting the victim, the State introduced a certified copy of his prior conviction.

We have instructed trial courts to consider the following set of factors in deciding the admissibility of a prior conviction under OCGA § 24-6-609 (b):

> (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.[31]

The record demonstrates that the trial court considered each of these factors before permitting the introduction of Spikes's prior conviction for impeachment purposes. Further, the trial court charged the jury that it could consider the conviction for impeachment purposes only, thus minimizing the risk of unfair prejudice.[32] Based on

---

[31] (Punctuation omitted.) *Johnson v. State*, 364 Ga. App. 44, 48 (3) (873 SE2d 704) (2022), quoting *Clay v. State*, 290 Ga. 822, 835 (3) (B) (725 SE2d 260) (2012).

[32] See *Jones v. State*, 352 Ga. App. 380, 389 (2) (b) (834 SE2d 881) (2019) ("[T]he trial court reduced the risk of unfair prejudice by instructing the jury that [the appellant's] prior conviction was being admitted for the jury to consider in

the circumstances of this case, particularly the centrality of the credibility issue, we cannot say that the trial court abused its discretion in admitting this evidence.[33]

5. Finally, Spikes contends that trial counsel was deficient for (a) failing to object to the trial court's statement about venue discussed in Division 2 and (b) failing to object to references to misdemeanor convictions contained in the certified copy of Spikes's 2000 robbery conviction. We disagree on both counts.

To prevail on a claim of ineffective assistance of counsel, Spikes must show that his counsel's performance was "deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[34] "If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed

determining his truthfulness.").

[33] See *Johnson v. State*, 368 Ga. App. 180, 181-183 (1) (889 SE2d 369) (2023) (holding that the trial court did not abuse its discretion in allowing the State to impeach a defendant with convictions that were more than 10 years old because the defendant denied raping the victim in his testimony and his credibility was central to the outcome of the trial); *Bashir v. State*, 350 Ga. App. 852, 856-858 (3) (830 SE2d 353) (2019) (holding that the trial court did not abuse its discretion in admitting a defendant's convictions that were more than 10 years old for impeachment purposes because credibility was "central to his defense").

[34] (Punctuation omitted.) *Anderson v. State*, 371 Ga. App. 139, 141 (2) (899 SE2d 770) (2024), citing *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

by the Court."[35]

(a) In Division 2, we found no plain error in the trial court's statement about venue. Specifically, we concluded that Spikes had failed to demonstrate that the court's statement affected the outcome of the proceedings. "The prejudice step of the plain-error standard is equivalent to the prejudice prong for an ineffective assistance of counsel claim."[36] Thus, absent a showing of prejudice, Spikes cannot demonstrate ineffective assistance of trial counsel on this ground.

(b) The certified copy of Spikes's 2000 robbery conviction included references to incidental misdemeanor convictions for fleeing or attempting to elude, reckless driving, and obstruction of a law enforcement officer. Trial counsel failed to object to their inclusion on the exhibit that went out with the jury.

However, assuming that trial counsel was deficient for failing to so object, Spikes has not shown that such failure affected the outcome of the proceedings. The State did not go into any details of these offenses when it introduced the exhibit. Further, the trial court correctly charged the jury that only prior felony convictions could be considered for impeachment purposes and that robbery was the only such

---

[35] *Barge v. State*, 294 Ga. 567, 569 (2) (755 SE2d 166) (2014).

[36] (Punctuation omitted.) *Rogers v. State*, 369 Ga. App. 543, 551 (4) (b) (894 SE2d 85) (2023).

offense that could be considered in this regard.[37] Finally, the misdemeanor offenses referenced in the exhibit were not of such a nature or severity to inflame the passions of the jury and involved conduct dissimilar to the charges for which Spikes was on trial.[38] "Under these circumstances, [Spikes] has failed to establish that the outcome of the trial likely would have been different if the court records had been redacted, particularly when his related, more prejudicial conviction for [robbery] was properly admitted into evidence."[39]

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[37] See *Morris v. State*, 308 Ga. 520, 530 (4) (842 SE2d 45) (2020) ("Qualified jurors are presumed to follow the instructions of the trial court[.]") (punctuation omitted).

[38] See *Robinson v. State*, 312 Ga. App. 110, 113 (2) (717 SE2d 694) (2011) (noting that when the conduct for which a defendant is tried is dissimilar to that involved in prior convictions, the risk of unfair prejudice is diminished).

[39] *Ashley v. State*, 374 Ga. App. 153, 166 (4) (911 SE2d 701) (2025); see also *Riley v. State*, 319 Ga. App. 823, 827 (2) (c) (738 SE2d 659) (2013) (holding that trial counsel's failure to object to the admission of unredacted misdemeanor conviction records likely did not affect the outcome of the trial because related, more prejudicial convictions included in the same records were properly admitted).